(No. 43110.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT A. HYSELL, Appellant.

*Opinion filed May 27, 1971.*

MORTON ZWICK, Director of Defender Project, of Chicago, (MATTHEW J. MORAN, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT J. BIER, State's Attorney, of Quincy, (FRED G. LEACH and THOMAS J. IMMEL, Assistant Attorneys General, and MATTHEW A. HUTMACHER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

On September 26, 1967, the defendant, Robert A. Hysell, pleaded guilty in the circuit court of Adams County, to an indictment charging him with the crime of burglary. He was sentenced to the penitentiary for a term of not less than three nor more than ten years. On October 25, a notice of appeal was filed, but no appeal was perfected. His subsequent petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, pars. 122—1 thru 122—7), was denied without an evidentiary hearing, and the case is before us on appeal from that judgment.

On May 4, 1969, the defendant filed his *pro se* motion which was treated as an application for post-conviction relief, and on May 8, 1969, the court appointed counsel for him. On June 17, 1969, an amended post-conviction hearing petition, supported by affidavit, was filed, wherein the defendant alleged that he was not allowed to confer with his at-

torney when arrested; that he was denied the right to a change of venue; that his plea of guilty was coerced and involuntary; that he was not allowed his right to appeal from the sentence of September 26, 1967; and that his constitutional rights had been violated.

A motion to dismiss the petition was filed by the People, and after it was denied, an answer and two counteraffidavits were filed by the People—one by the assistant State's Attorney who prosecuted the case, and the other by the public defender who represented the defendant at the trial. The cause was set for hearing on August 11, 1969, at which time no witnesses were offered, but the State's Attorney appeared for the People, and counsel appeared for the defendant. After argument, the trial judge dismissed the petition without further hearing, and did so on the basis of the law as applied to the allegations of the petition and the facts as reflected in the record. He believed it improper to consider the affidavits and counteraffidavits filed therein.

On appeal, the defendant raised two issues: that he "was deprived of effective assistance of counsel at the post-conviction hearing by the inadequate representation of his court-appointed counsel"; and that "the trial judge erred in not considering the affidavits and relying solely upon the record to deny the petition."

The defendant claims he had inadequate representation in the post-conviction proceeding in that the record contains no statement or certificate which shows that appointed counsel consulted with him, either in person or by mail, to ascertain the factual basis for his petition. He cites as pertinent a portion of Supreme Court Rule 651(c) (Ill. Rev. Stat. 1969, ch. 110A, par. 651(c)) which provides: "The record filed in this court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings

at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." However, this portion of the Rule was not effective until January 1, 1970, and this post-conviction proceeding was filed and decided prior to that date. (43 Ill.2d R. 651(c).) Consequently this Rule is not applicable.

It clearly appears in the record that appointed counsel communicated by mail with the defendant. On May 6, 1969, the defendant filed a document with the trial court which was designated as a "motion." The court treated this as an application for post-conviction relief, and appointed counsel for him. The defendant's *pro se* motion was amended by his attorney and was entitled "Petition for Post Conviction Hearing." It was signed by the defendant, as was the affidavit supporting it, and it was filed by his attorney. Such an amendment could not have been prepared without consultation of some kind. Thus, this claim of inadequacy of counsel is without merit.

The defendant's second contention is that the trial judge failed to consider the affidavits submitted to the court. The record reveals that the trial judge thought it improper to consider the affidavits. In that belief he was in error.

Section 122—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 122—2) prescribes the contents of a post-conviction petition. It states, in part: "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." Clearly, affidavits are an essential part of the petition and should be considered by the trial court prior to entering judgment. Section 122—6 of the Code further provides that: "The court may receive proof by affidavits, depositions, oral testimony, or other evidence." These sections permit the court to receive proof by the methods indicated, among which is proof by affidavits and counteraffidavits.

In *People* v. *Dale,* 406 Ill. 238, wherein the Post-Conviction Hearing Act was challenged on the constitutional ground that it required the court to accept the opinion of an affiant, we rejected that argument, and at page 248 made a summary of the opinion in *Johnson* v. *Theodoron,* 324 Ill. 543, in the following words: "The court held that the legislature does not have power to declare what shall be conclusive evidence of a fact, nor can it say that a court is bound to act in accordance with the opinion of a party to a suit or of his attorney expressed in the form of an affidavit." We further held in Dale, at p. 248, with reference to post-conviction affidavits, that: "The act in question merely provides that the court 'may receive proof by affidavits, depositions, oral testimony, or other evidence.' (Ill. Rev. Stat. 1949, chap. 38, par. 831.) The act does not attempt to define what shall be conclusive evidence of a fact but leaves the court free to receive proof by any of the various methods above enumerated."

We find, therefore, that the trial judge erred in refusing to consider the affidavits in question. However, after examination, we find that the defendant's affidavit was a reaffirmation of the conclusional statements made in his petition; that the counteraffidavits tended to disprove the charge of a coerced and involuntary plea, and were detrimental to the defendant's contention in this respect. Under the circumstances of such case, such error was harmless beyond a reasonable doubt. *Chapman* v. *California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *People* v. *Lucas, ante,* p. 148.

The amended petition set forth conclusional statements pertaining to a violation of the defendant's constitutional rights because: his guilty plea was coerced; he was denied the right to confer with counsel at the time of his arrest; and he was not allowed the right to appeal from his original sentence. Neither the petition nor the affidavit set forth evi-

dence supporting such conclusions. In order to require an evidentiary hearing, a post-conviction petition must make a substantial showing that the defendant's constitutional rights have been violated. Such showing must be based on factual allegations rather than conclusional statements. (*People* v. *Arbuckle*, 42 Ill.2d 177.) The foregoing allegation failed to make the substantial showing of a violation of the defendant's constitutional rights which the Act requires.

There is no right to confer with counsel at the time of arrest. The record herein indicates that the defendant was adequately admonished in connection with his rights to counsel, to a trial by jury, to confront his accusers, to cross-examine witnesses, and to present evidence on his behalf. He thereupon entered a plea of not guilty. Later, after adequate admonishment, he waived his right to a jury trial and entered a plea of guilty. By his voluntary plea of guilty, he waived all errors which were not jurisdictional. (*People* v. *Dennis*, 34 Ill.2d 219.) The record belies the conclusional allegation of a coerced plea and the denial of the right to appeal. It indicates that he was advised of his right to appeal and that notice of appeal was filed; that counsel for the defendant was familiar with the contentions which were asserted and the record against which they were measured; and that, in the light of the facts of this case, he represented the defendant effectively and competently, albeit not successfully. The allegations of the petition and the charge of incompetency of counsel in the post-conviction proceeding were entirely unsubstantiated.

The charge that the defendant was denied a change of venue, without further specification, did not involve the denial of a constitutional right. *Rideau* v. *Louisiana*, 373 U.S. 723, 10 L. Ed. 2d 663, 83 S. Ct. 1417.

Thus, we conclude that the trial judge properly denied the petition on the basis of the record before him, even

though he committed harmless error in refusing to consider the affidavits filed in support of the petition and answer. The judgment of the trial court in dismissing the petition is affirmed.

*Judgment affirmed.*