THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, v. JOHN J. BRUMAS, Defendant and Petitioner-Appellant.

Third District   No. 3—85—0356

Opinion filed March 26, 1986.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Gary R. Peterson, of State Appellate Defender's Office, of Springfield, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, John Brumas, on April 16, 1984, entered negotiated pleas of guilty in the circuit court of Rock Island County in five cases, all of which charged him with the offense of unlawful delivery of a controlled substance. He was sentenced to terms of imprisonment ranging from three years to six years, and the sentences were ordered to be served concurrently. The trial court also imposed fines and ordered restitution in each case. The restitution ordered was $9,000, which represented the amount spent by the Moline police department in purchasing drugs from the defendant.

The defendant did not perfect a direct appeal of his convictions but on March 27, 1985, filed a petition for post-conviction relief. The petition alleged in part that the defendant's constitutional rights were violated in that his attorney operated under a conflict of interest and that he (the defendant) received ineffective assistance of counsel. The defendant attached to his petition his affidavit which contained allegations of entrapment; that his attorney was an assistant Attorney General and prosecuted consumer fraud cases for the State; that he, the defendant, signed a document waiving any objection to being represented by this attorney but he signed the waiver not fully understanding the same but as the result of the attorney's insistence, with the understanding that a trial would be had, and that he was advised by his counsel that he had no defense and that if he did not agree to the

negotiated plea counsel stated that he would withdraw from the case.

On April 10, 1985, the State filed a motion to dismiss the petition for post-conviction relief without an evidentiary hearing. The State's motion was accompanied by affidavits from defendant's trial attorney and an undercover agent. On May 6, 1985, the trial court, without an evidentiary hearing, dismissed the petition for post-conviction relief.

Several issues are raised in this appeal, and we first direct our attention to defendant's assertion that the trial court erred in dismissing the post-conviction petition without an evidentiary hearing as to his allegation that he was denied effective assistance of counsel.

■ The trial judge was confronted with defendant's affidavit containing allegations of ineffective assistance of counsel and a motion to dismiss filed by the State supported by affidavits of defendant's trial attorney and an undercover agent which alleged facts in contradiction to the defendant's affidavit. The State in its brief filed in this appeal concedes that normally the facts alleged in defendant's petition would require an evidentiary hearing but that the need for such a hearing in the instant case was obviated by the affidavits filed by the State. We disagree with the State's reasoning, since our supreme court has held that a motion to dismiss a post-conviction petition assumes the truth of allegations to which it is directed and questions only their legal sufficiency. (*People v. Wilson* (1968), 39 Ill. 2d 275, 235 N.E.2d 561.) The affidavits filed by the parties present a factual conflict which requires an evidentiary hearing.

■ We reach the foregoing conclusion even though the State strenuously argues that the defendant waived the issue of the necessity for an evidentiary hearing. The State first contends that the defendant pled guilty and has failed to file a motion to vacate his pleas pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)). This argument is misplaced, since the defendant is not and has not attempted to perfect a direct appeal from his conviction but has elected to proceed via post-conviction proceeding to which Supreme Court Rule 604(d) has no applicability.

■ The State further asserts that the defendant has waived all issues as the result of his guilty pleas. A waiver of issues results from the entering of guilty pleas only when said pleas are voluntary. (*People v. Ondrey* (1976), 65 Ill. 2d 360, 357 N.E.2d 1160.) Whether the defendant's pleas were voluntary is one of the precise questions presented to this court for determination. Incompetency of counsel or lack of counsel may result in a guilty plea not being voluntary. *People v. Moone* (1970), 45 Ill. 2d 488, 259 N.E.2d 785.

The defendant has stated in his affidavit as follows:

"That on April 15, 1984, affiant was told by his attorney that he had no defense to the charges and that and [*sic*] agreement for a negotiated plea had been reached \*\*\* and that if affiant did not agree to the negotiated plea, he would withdraw from the cases as affiant's attorney."

Such allegations cannot be determined by counteraffidavits. The resolution of whether defendant was deprived of effective assistance of counsel, resulting in pleas of guilty which were not voluntary, requires an evidentiary hearing.

In this appeal the defendant raises two other issues, the first relating to a comparatively new statutory scheme requiring the trial court to in the first instance examine a post-conviction petition *inops consilii* for the purpose of determining whether it is frivolous and should be dismissed or whether it should be docketed for further consideration. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*) Having determined that the defendant is entitled to an evidentiary hearing, this issue becomes moot and hence we will not consider it. The defendant also questions the trial court's authority to order that he pay the sum of $9,000 in restitution to the city of Moline. The determination of this issue may well depend upon whether the defendant's pleas of guilty were voluntary or involuntary, so a consideration of this issue at this time would be premature and presumptuous.

For the reasons set forth, the order of the circuit court of Rock Island County dismissing the defendant's petition for post-conviction relief is reversed and this case is remanded to the trial court for an evidentiary hearing before a different judge, said hearing to be in accordance with the reasoning set forth in this opinion.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.