THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. GEORGE PHILLIPS, Petitioner-Appellant.

Second District   No. 2—87—0752

Opinion filed May 25, 1989.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, George Phillips, appeals from an order of the circuit court dismissing his petition for relief under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). Petitioner raises one issue on appeal: whether the trial court abused its discretion when it dismissed petitioner's petition without an evidentiary hearing.

On January 4, 1984, petitioner was charged with the armed robbery of an Aldi's grocery store. On March 15, 1984, a negotiated plea agreement was presented to the court. Under the agreement, petitioner was to be sentenced to a 20-year term of imprisonment in exchange for a plea of guilty to the armed robbery charge. During the hearing, petitioner and the trial court engaged in the following colloquy:

"THE COURT: Mr. Phillips, you understand the plea agreement?

DEFENDANT PHILLIPS: Yes, I do.

THE COURT: Are you satisfied with it?

DEFENDANT PHILLIPS: I believe so.

***

THE COURT: Outside or apart from this plea agreement has anyone done anything to influence you to plead guilty to this charge?

DEFENDANT PHILLIPS: No, they haven't.

THE COURT: Have you talked about the advisability of accepting the agreement with your attorney, Mr. Thompson?

DEFENDANT PHILLIPS: Yes.

THE COURT: Are you satisfied with the investigation he has done into this case?

DEFENDANT PHILLIPS: Yes.

THE COURT: Is there anything you don't understand about the agreement or any question of me that you have at this point in time?

DEFENDANT PHILLIPS: No, I don't have any questions."

After admonishing petitioner, the court imposed the sentence according to the agreement.

On February 28, 1985, petitioner filed a *pro se* petition for a post-conviction hearing alleging that he was denied effective assistance of counsel at the hearing on the entry of his guilty plea. Petitioner asserted that his attorney, the public defender, was inadequate because he was appointed for that hearing and consulted with petitioner for only five minutes prior to the hearing.

On April 13, 1987, petitioner filed a *pro se* amended petition for post-conviction relief. In the petition, petitioner alleged that his appointed attorney consulted with him for only five minutes before the hearing, did not consult with petitioner's family and failed to offer any evidence in mitigation. Petitioner submitted an affidavit in which he reasserted the allegations in the petition and added the allegation that he pleaded guilty because the State's Attorney threatened him with a harsher sentence if the case proceeded to trial.

The record establishes that petitioner filed his petition for post-conviction hearing *pro se* on February 28, 1985. The circuit court of Du Page County thus had 30 days, or until March 30, 1985, to "examine such petition and enter an order thereon pursuant to" section 122—2.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)). Section 122—2.1(a) authorizes the trial court to dismiss the petition by an order *entered within 30 days* of it being filed if the court finds it frivolous or without merit. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) However, if the petition is not dismissed by order entered within 30 days of its being filed and docketed by the circuit clerk pursuant to section 122—2.1(a), then, pursu-

ant to the next subsection, subsection 122—2.1(b), the trial court is to order the petition docketed for further consideration in accordance with the next sections, sections 122—4 through 122—6. Ill. Rev. Stat. 1987, ch. 38, pars. 122—2.1(b), 122—4 through 122—6.

Obviously, for reasons not explained in the record or briefs, the trial court did not enter either order required by section 122—2.1. (See *People v. Jones* (1989), 180 Ill. App. 3d 37, 535 N.E.2d 1103.) The failure of the trial court to comply with section 122—2.1 with regard to the February 28, 1985, petition, however, is not raised as an issue on appeal.

The next relevant occurrence was the filing of an amended petition, *pro se*, by petitioner on April 13, 1987. In compliance with section 122—2.1(b), the trial court entered an order docketing the case for May 13, 1987 (see Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(b)), and appointing counsel for petitioner (see Ill. Rev. Stat. 1987, ch. 38, par. 122—4). On May 13, court-appointed counsel was given leave to file his appearance, and the cause was continued to June 17, 1987, for a status report. Petitioner was given leave to file an amended post-conviction petition within 14 days. In compliance with section 122—5 (Ill. Rev. Stat. 1985, ch. 38, par. 122—5), the State was ordered to respond to the second amended petition within 14 days of its being filed, and the matter was set for hearing on all motions and petitions for July 23, 1987. On July 10, 1987, petitioner filed the second amended petition. In the petition and accompanying affidavit, petitioner alleged that his guilty plea was not made knowingly and voluntarily because the public defender did not consult with petitioner except for five minutes before the hearing on the plea agreement, did not conduct any discovery or investigation into the case and did not explore any defenses or mitigating factors.

On July 23, 1987, the State moved to dismiss the petition on the ground that it was conclusional and not supported by the evidence. The court noted that at the hearing on the plea, petitioner was asked whether he was satisfied with his attorney, to which petitioner responded affirmatively. The court found that the petition was frivolous and granted the State's motion to dismiss. This appeal followed.

■ Petitioner contends that this court should remand the cause to the trial court for an evidentiary hearing to determine whether his trial counsel was incompetent and, if so, whether petitioner's guilty plea was voluntary. First, petitioner argues that the court could not dismiss his petition as frivolous because he had already had counsel appointed to represent him on his petition, relying upon *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158 (where the court held

that the trial court could not summarily dismiss a petition under section 122—2.1(a) after 30 days but would have to proceed as directed by section 122—2.1(b)). Petitioner bases this argument on section 122—2.1(a) of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1 *et seq.*), which provides that the court, on its own motion, may dismiss the petition within 30 days of filing if it is frivolous. Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).

A careful reading of *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, as to petitioners therein, Singleton and Mason, and in the context of the several steps involved in the Act, makes it clear that the 30-day limitation on the trial court imposed by section 122—2.1(a) of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a)) as to entry of a judgment of *summary* dismissal is mandatory and not merely directory. That is, the court has only 30 days after the filing and docketing by the circuit clerk of the petitioner's post-conviction petition to enter a judgment of *summary* dismissal. If the 30-day period has expired, the trial court has no authority under the statute (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a)) to enter a judgment of *summary* dismissal. (*People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158.) Instead, the court must docket the petition for further consideration (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(b)). The court must appoint counsel if the petitioner so requests and if the petitioner is indigent. (Ill. Rev. Stat. 1987, ch. 38, par. 122—4.) The State is limited to 30 days after the petition is docketed pursuant to section 122—2.1(b) to file either a motion to dismiss or an answer (Ill. Rev. Stat. 1987, ch. 38, par. 122—5), and if the State files a motion to dismiss which the court denies, the State is given an additional 20 days to file an answer. Ill. Rev. Stat. 1987, ch. 38, par. 122—5.

Further, we note that the Act limits the basis upon which the post-conviction petition can be *summarily* dismissed in that the court must find that it is "frivolous or is patently without merit" or, presumably, words to that effect. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).) However, if after 30 days of its filing and docketing by the circuit clerk the petition is dismissed after compliance with sections 122—4 through 122—6 of the Act (Ill. Rev. Stat. 1987, ch. 38, pars. 122—4 through 122—6), the finding by the court is not so limited. Therefore, the fact that the court is enlightened by or agrees with the State's motion to dismiss (Ill. Rev. Stat. 1987, ch. 38, par. 122—5) because the petition is "frivolous" or "without merit," or words to that effect, such a finding should not automatically indicate that the dismissal was a *summary* dismissal as described in section 122—2.1(a) of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a)). It may be that

the court fully complied with sections 122—2.1(b) and 122—4 through 122—6 as required after 30 days of the filing on docketing of the petitioner's post-conviction petition but, nonetheless, found it frivolous.

Finally, we do not read *Porter* as holding that once the 30-day limitation in section 122—2.1(a) has expired, no dismissal can be entered thereafter. In fact, section 122—5 specifically authorizes the State to file a motion to dismiss the petition before filing an answer to it. (Ill. Rev. Stat. 1987, ch. 38, par. 122—5.) It would, indeed, be ludicrous to suggest that the trial court could not act on the State's motion to dismiss by granting it if the trial court found the State's motion meritorious and petitioner's petition frivolous. Rather, we believe *Porter* holds that no *summary* dismissal as described in section 122—2.1(a) can be entered after 30 days of the petition being docketed by the clerk.

Thus, petitioner Phillips' argument is not persuasive because the court was not proceeding under section 122—2.1(a). The dismissal was, instead, granted pursuant to section 122—5 (Ill. Rev. Stat. 1987, ch. 38, par. 122—5), as evidenced by the fact that the trial court proceeded pursuant to section 122—2.1(b) by docketing the case for further consideration, by appointing counsel as provided for by section 122—4, and by considering and disposing of the State's timely motion to dismiss as provided for under section 122—5 by granting the State's motion to dismiss.

The language of the trial court's finding that the petition was baseless and frivolous does not convert the procedure employed to a *summary* dismissal which would be prohibited after 30 days of the clerk's docketing of the petition under section 122—2.1(a) since the basis for a section 122—5 dismissal is not so circumscribed as to prohibit the dismissal of a frivolous, meritless or baseless petition under section 122—5. That section simply provides that the court may dismiss the petition beyond the 30-day limit provided for in section 122—2.1(a) if the succeeding requisites of the Act have been met. Ill. Rev. Stat. 1987, ch. 38, pars. 122—2.1(b), 122—4, 122—5.

■ Petitioner's next argument is that the trial court used the wrong standard to determine whether to dismiss the petition. According to petitioner, the court confused a direct appeal with a post-conviction petition, as demonstrated by the following comments of the court:

> "THE COURT: What about the requirement that, Mr. Mannina, if there were appeal [*sic*] in this case, petitioner would first have to ask for leave to withdraw his guilty plea and set forth the reasons why that should be done?

It appears to me that maybe that should be a necessary prerequisite to post-conviction relief as well, I don't know."

Petitioner asserts that the court applied the standard for a direct appeal rather than the standard for post-conviction relief.

This argument is without merit because both defense counsel and the State's Attorney informed the court that withdrawal of the guilty plea was not necessary for a post-conviction petition. The record indicates that the court used the correct standard in deciding whether to dismiss the petition.

●3 Petitioner further argues that it was error for the court to conclude that the transcript from the plea hearing was sufficient to counter the facts alleged in the petition and supporting affidavit because the facts supporting petitioner's allegations occurred off the record. Petitioner claims that this case is analogous to *People v. Brumas* (1986), 142 Ill. App. 3d 178, 491 N.E.2d 773. The petitioner in *Brumas* alleged that his guilty plea was not voluntary because his attorney was an assistant Attorney General and therefore had a conflict of interest. Based on the alleged conflict of interest, the petitioner claimed that his trial counsel was ineffective. The petitioner attached an affidavit reciting the factual bases for his allegations. The State filed affidavits in response. The appellate court decided that it was error for the trial court to dismiss the petitioner's petition without holding an evidentiary hearing because the affidavits presented a factual conflict. *Brumas*, 142 Ill. App. 3d at 181, 491 N.E.2d at 775.

We do not agree with petitioner's conclusion that the present case is analogous to *Brumas*. The State in *Brumas* did not contest the sufficiency of the affidavit submitted by the petitioner. Rather, the State argued that the need for an evidentiary hearing "was obviated by the affidavits filed by the State." (*Brumas*, 142 Ill. App. 3d at 180, 491 N.E.2d at 775.) In the present case, the court found that the affidavit did not allege specific facts capable of rebutting the record of the plea hearing in which petitioner indicated that he was satisfied with the investigation by the public defender.

We find that *People v. Hysell* (1971), 48 Ill. 2d 522, 272 N.E.2d 38, is dispositive of this appeal. In *Hysell*, our supreme court noted that the petitioner's affidavit, submitted with his post-conviction petition, "was a reaffirmation of the conclusional statements made in [the] petition." (*Hysell*, 48 Ill. 2d at 526, 272 N.E.2d at 40.) In finding that the petitioner's petition was not sufficient to survive a motion to dismiss, the court stated:

"The amended petition set forth conclusional statements pertaining to a violation of the defendant's constitutional rights be-

cause: his guilty plea was coerced; he was denied the right to confer with counsel at the time of his arrest; and he was not allowed the right to appeal from his original sentence. Neither the petition nor the affidavit set forth evidence supporting such conclusions. In order to require an evidentiary hearing, a post-conviction petition must make a substantial showing that the defendant's constitutional rights have been violated. Such showing must be based on factual allegations rather than conclusional statements." 48 Ill. 2d at 527, 272 N.E.2d at 40-41.

In the present case, the second amended petition and the accompanying affidavit are nearly identical. There are no additional facts in the affidavit, only conclusions. Since petitioner failed to make a substantial showing based on factual allegations that his constitutional rights had been violated, the trial court correctly dismissed the petition.

The order of the circuit court is affirmed.

Affirmed.

REINHARD and INGLIS, JJ., concur.