THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERBERT BYERS, Defendant-Appellant.

First District (2nd Division)   Nos. 1—87—3895, 1—88—2156 cons.

Opinion filed March 27, 1990, *nunc pro tunc* January 30, 1990.

Michael J. Pelletier and Pamela Z. O'Shea, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Margaret M. Regan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Herbert Byers, pleaded guilty to the offense of armed

robbery and was sentenced to nine years' imprisonment. Defendant raises two issues on appeal: (1) whether the trial court erred by failing to treat his *pro se* pleadings as a motion to withdraw his guilty plea; and (2) whether the court erred in dismissing his *pro se* petition for post-conviction relief because the court failed to enter its order within 30 days after he filed the petition.

On October 30, 1987, defendant appeared before the court and asked that he be evaluated by TASC (Treatment Alternatives to Street Crimes). The court ordered a TASC evaluation, and the matter was continued to November 18. On that date the TASC evaluation was returned to the court, finding that although defendant was an addict, he was ineligible for treatment because of the violent nature of the offense pending against him and because defendant failed to exhibit a readiness for treatment. The following day defendant's attorney informed the court that defendant would like a conference on the matter. The court then explained to defendant what would be involved in holding a conference. The court informed him of the charge against him and the possible sentences that could be imposed. The court asked defendant if he understood what had been explained to him and defendant replied, "yes." The court told defendant that the State would present its case against defendant and that defendant's attorney would offer whatever facts could possibly benefit defendant. When asked if he understood, defendant replied, "Yes sir." Defendant was told that when the conference was over, his attorney would come out and discuss any offers that might have been made. The court then stated to defendant:

> "I've told you what you're charged with and what the possible penalties are. You know what we're going to talk about and you understand you're stuck with me as the Judge. Knowing all that, do you still authorize Mr. Cuda to participate in this conference with Miss Cessario from the State's Attorney's Office and myself?"

After defendant replied that he did authorize his attorney to participate in the conference, the trial court stated for the record its opinion that defendant had "knowingly, intelligently participated in the conference." After the conference, defendant's attorney stated that defendant was prepared to enter a plea of guilty to the charge of armed robbery. The court reiterated the charge and the minimum and maximum sentences that could be imposed and explained the rights that defendant was relinquishing by pleading guilty. Defendant indicated that he understood these matters and told the court that his guilty plea did not result from threats or coercion. The court

then stated for the record that in its opinion defendant knew and understood the nature of the proceedings and was exercising his own free will. After the stipulated factual basis was presented, the court again asked defendant if he still wished to plead guilty, and defendant replied, "yes." The court then entered its finding that defendant knowingly and intelligently offered to plead guilty. After sentencing defendant, the court stated as follows:

"This [sic] now a final and appealable order. Before you can appeal you must first return back to this courtroom a petition to vacate convincing me in writing within the next 30 days that you were tricked or coerced into pleading guilty, or didn't understand what you were doing.

If you can convince me of that I will set aside the plea of guilty and set the case down for trial as if the plea had never taken place. If you can't convince me you were tricked or coerced into pleading guilty and didn't understand what you were doing, you would have thirty days from the date that I deny your petition to vacate to file a notice of appeal. That notice of appeal must be in writing and it must be filed in the Clerk's office in the other building in this complex. You have had the services of the public defender and some Judge has determined you are in fact indigent or without funds. If that condition persists, I will appoint the Public Defender to represent you on appeal and authorize a free transcript to be used by the Appellate Division of the Public Defender's Office to represent you in any appeal or any other of those rights you have."

On December 21, 1987, the clerk of the court received the following documents from defendant:

(1) A form entitled "Proof of Service" dated December 3, 1987, stating that defendant served a copy of the "Designation of the Trial Record" to the Cook County State's Attorney, and that the original was mailed to Morgan Finley, clerk of the circuit court of Cook County. The form was sworn to and signed by defendant.

(2) A form entitled "Notice of Appeal" setting forth defendant's name, address, attorney, offense, judgment, date and sentence.

(3) A form requesting trial court proceedings to be transcribed, stating the following under the general statement of issues proposed to be raised:

"A time cut from 9 yrs to 6 yrs since this is my [defend-

ant's] first charged [sic] for a violent crime, but due to other issues, case dismissed. That the Public Defender was incompetent because issues defendant brought to him in a letter, which he has in his files, was that my plea was not not guilty, but by reason of insanity. That this issue were never brought before the court. That my civil rights were violated. I wasn't read my rights, and I have medical records proving I was injured which was done by arresting officers for no reason."

(4) A form entitled "Docketing Statement," listing defendant's name and address.

(5) A form entitled "Motion to Proceed Informa Pauperis and Requests for Free Transcripts," sworn to and signed by defendant.

(6) A form entitled "Designation of the Trial Record to be included in the Record on Appeal."

(7) A form entitled "Motion for Appointment of Counsel on Appeal" requesting that the State Appellate Defender be appointed to represent defendant on appeal.

On January 15, 1988, the trial court denied defendant's request for a free transcript, finding that there was no indication that defendant had any intention to file "post-conviction relief, post-trial relief or [was] going to use it for appeal." When the order was entered, the court noted that no notice of appeal was filed and no post-conviction petition was in progress. However, we note at this point that the record does include a copy of a notice of appeal that was filed by defendant on December 21, 1987. On February 4, 1988, defendant filed a *pro se* petition for post-conviction relief claiming that his guilty plea was not knowingly, voluntarily or intelligently made, that he entered his plea because of ineffective assistance of counsel, that he told his attorney that he wanted to plead an insanity defense but his attorney never raised that issue in court and that he should not have been sentenced as a Class X offender. On May 17, 1988, it was brought to the court's attention for the first time that defendant had filed a *pro se* petition for post-conviction relief. A hearing was held the next day, during which the court stated that it was within the 30-day period of time necessary to act pursuant to section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1). In denying defendant's petition, the trial court found as follows:

"I'd like the record to indicate my notes indicate, half sheet indicates that I admonished the defendant in open Court after

a conference had been held between the State and the defense. And during the admonition, the defendant indicated in open Court that he understood the nature of the charges, knew what the actual penalty was going to be. Indicated to me after I questioned him that he understood the nature of the charges. Understood that he was knowingly and intelligently giving up his right to a trial by jury or any other trial.

I recited to him all of the rights that he would be giving up. He indicated he understood that. He offered to plead guilty and I indicated on the record that I accepted his plea of guilty with the understanding that it appeared to me that he knowingly and intelligently had offered to plead guilty.

There is no specification other than the trial counsel encouraged him to enter a plea. Sometimes that is what trial counsel is required to do knowing the facts and circumstances of the case. If that is trial strategy on counsel's part, it is certainly not ineffective assistance of counsel. And the defendant's reliance upon the advice of counsel is not—is not grounds for overturning his guilty plea.

He also indicates here that he told counsel and wrote him a letter stating 'I want to plead insane.' I'd like the record to indicate there's never been any indication in this record by anyone, including the defendant's attorney that there was anything wrong with the defendant's sanity. He never brought that up before the Court personally. There was not one indication during any period of time that—many occasions that the defendant appeared before this Court, including during the taking of the plea that the defendant indicated in any way shape or form that there was anything wrong with his mental capacity, his understanding, his ability to communicate with counsel or effectively assist counsel in handling this case."

The court further noted that official certified statements of conviction indicated that defendant was eligible to be sentenced as a Class X offender. Consequently, the court dismissed the petition, pursuant to section 122—2.1 of the Code, finding it to be frivolous and patently without merit. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1.) It is from this order that defendant now appeals.

I

■ Defendant first contends that the trial court erred by failing to treat the various papers he filed *pro se* as a motion to withdraw his guilty plea pursuant to Supreme Court Rule 604(d) when it de-

nied his request for free transcripts. (107 Ill. 2d R. 604.) We find that our disposition of this case requires us to examine the extent to which the requirements of Supreme Court Rule 604(d) were met. The rule provides, in part, as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit. The motion shall be presented promptly to the trial judge by whom the defendant was sentenced, and if that judge is then not sitting in the court in which the judgment was entered, then to the chief judge of the circuit, or to such other judge as the chief judge shall designate. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." (107 Ill. 2d R. 604(d).)

In *People v. Wilk* (1988), 124 Ill. 2d 93, 105, 529 N.E.2d 218, the supreme court held that a motion to withdraw a guilty plea and vacate the judgment is a condition precedent to an appeal. In so holding, the court referred back to a similar holding it had made in *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46, and how cases subsequent to *Frey* reflected a general perception that a complete relaxation of Rule 604(d) was acceptable in this State, and that such was not the case. (*People v. Wilk*, 124 Ill. 2d at 103-04.) The court determined that the rules it adopted concerning criminal defendants and guilty pleas were rules of procedure and not suggestions, and that it was incumbent upon counsel and courts alike to follow them. (*People v. Wilk*, 124 Ill. 2d at 103.) Subsequently, in *People v. Ledbetter* (1988), 174 Ill. App. 3d 234, 236, 528 N.E.2d 375, the court stated that Rule 604(d) had several requirements and included strict guidelines for the courts and defendants to follow.

Defendant's conduct in the present case is not unlike that of the defendant in *People v. Creek* (1983), 112 Ill. App. 3d 1081, 446 N.E.2d 555. In that case defendant entered a plea of guilty and was fully admonished by the court. Within 30 days from the entry of his plea defendant filed a *pro se* document entitled "Notice of Appeal," which included a request for the appointment of counsel. Although the State Appellate Defender was appointed to represent defendant on appeal, the office was apparently never notified of the appoint-

ment. Approximately one month later defendant filed a motion to withdraw his guilty plea and a motion to proceed *in forma pauperis*. The following day the court appointed a local attorney. At a hearing on defendant's motion, the court held that defendant's *pro se* notice of appeal did not constitute a motion to withdraw his guilty plea within the meaning of Rule 604(d). In affirming the trial court's action, the appellate court noted that although defendant was clearly advised by the trial court that the filing of a motion to withdraw his guilty plea and vacate the judgment was the initial procedural step necessary in order to obtain review of the judgment entered on his guilty plea, he nevertheless filed a *pro se* notice of appeal. The court concluded that the defendant provided no indication that he desired the appointment of counsel for any purpose other than the perfection of a direct appeal, and did not at any time indicate to his trial counsel that he desired to appeal the judgment entered upon his guilty plea in the manner prescribed by Rule 604(d). *People v. Creek*, 112 Ill. App. 3d at 1086.

■ Similarly, in the instant case, the trial court admonished defendant as to the steps necessary to appeal the judgment entered on his plea of guilty. In admonishing defendant, the court further advised defendant as to the procedure he would have to follow to appeal a decision to deny his motion to vacate the guilty plea. Despite the admonishments of the court, defendant elected to pursue his appeal of the judgment entered upon his guilty plea in a manner contrary to the requirements set forth in Rule 604(d). The documents which defendant claims satisfied the rule were filed after the 30-day period had expired, and pertained to a direct appeal, offering no indication that defendant's efforts represented an attempt to withdraw his guilty plea. Although defendant was clearly advised by the trial court that the filing of the motion to withdraw his guilty plea and vacate the judgment was the initial procedural step necessary in order to obtain review of the judgment entered on his guilty plea, he filed a *pro se* notice of appeal. In view of the clear language contained in Rule 604(d) and the supreme court's strict interpretation of that rule as set forth in *People v. Wilk* and *People v. Frey*, we find that the trial court did not err in failing to treat his *pro se* notice of appeal and other related documents as a motion to withdraw his guilty plea, and that portion of the trial court's order is affirmed.

## II

■ We next consider defendant's claim that the trial court erred in summarily dismissing his *pro se* petition for post-conviction

relief because the court failed to enter its order within 30 days after his petition was filed. Defendant's petition was filed on February 4, 1988. The hearing on his petition was conducted on May 18, 1988, during which the trial court stated:

"I'd like the record to indicate although it [defendant's petition] was file stamped here February 4th, it was given to me yesterday. First time I saw it yesterday, being 5-17-88. It is now 5-18-88. It is within the thirty days. It is well within any period of time necessary that I can act on this pursuant to Section 122—1."

The statute pursuant to which the trial court summarily dismissed defendant's petition provides as follows:

"Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section." (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).)

Defendant contends that the 30-day period begins to run when the petition is filed, and the State contends that the period begins to run when the petition is docketed on the trial court's call and not when it is filed with the clerk of the court. In *People v. Porter* (1988), 122 Ill. 2d 64, 86, 521 N.E.2d 1158, the supreme court held that the 30-day rule was mandatory and not merely directory, and that a trial court's noncompliance with the rule rendered the summary dismissal of a petition void. Subsequent cases that have applied the holding in *Porter* have determined a court's compliance with this rule based on the date on which the petition was filed, giving no mention as to when the petition was docketed. (See *People v. Phillips* (1989), 183 Ill. App. 3d 417, 539 N.E.2d 804; *People v. Jackson* (1988), 176 Ill. App. 3d 15, 530 N.E.2d 993; *People v. Bostic* (1988), 173 Ill. App. 3d 428, 527 N.E.2d 1109; *People v. Bonilla* (1988), 170 Ill. App. 3d 26, 523 N.E.2d 258.) However, defendant's characterization of the filing and docketing referred to in the statute as ministerial acts performed by the clerk upon receipt of the petition would explain those above-cited cases' reliance on the filing date to determine whether the 30-day rule had been satisfied. It would also explain the seemingly inconsistent statements in *People v. Phillips* (1989), 183 Ill. App. 3d 417, 539 N.E.2d 804, that the trial court could, on its own motion, dismiss the petition within 30 days of filing, and that no summary dismissal could be entered after 30 days of the petition being docketed by the clerk. Following this line of cases, we conclude that the trial court's failure to dismiss the petition within 30 days of filing renders the summary dismissal void. Consequently, the trial

court's dismissal of defendant's *pro se* post-conviction petition is vacated and the cause remanded for further consideration in accordance with sections 122—4 through 122—6 of the Post-Conviction Hearing Act.

Affirmed in part; vacated in part and the cause remanded.

DiVITO, P.J., and SCARIANO, J., concur.