THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MERLE L. TARNOW, Defendant-Appellant.

Second District   No. 2—91—0834

Opinion filed September 2, 1993.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Merle L. Tarnow, appeals from an order dismissing his petition for post-conviction relief. We reverse and remand.

On March 23, 1988, defendant, who was 43 years of age at the time of the offense, was convicted *in absentia* of aggravated criminal sexual assault for committing an act of sexual penetration with a victim under age 13. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1) (now 720 ILCS 5/12—14(b)(1) (West 1992)).) He was sentenced to a term of 15 years' imprisonment. Defendant's direct appeal was dismissed by this court due to his status as a fugitive. (*People v. Tarnow* (2d Dist., June 3, 1989), No. 2—88—0397.) Defendant was extradited from Michigan to Illinois to serve the sentence. After returning to Illinois, defendant filed an amended motion for a new trial or a new sentencing hearing. The motion was denied and defendant reinstated his appeal.

Upon his return to Illinois, defendant was charged with violation of bail bond for being absent from his trial for aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 32—10 (now 720 ILCS 5/32—10 (West 1992)).) Defendant was also charged with obstructing justice for leaving the State pending prosecution. (Ill. Rev. Stat. 1987, ch. 38, par. 31—4 (now 720 ILCS 5/31—4 (West 1992)).) In February 1989, defendant entered a negotiated plea of guilty to obstructing justice. Defendant agreed to plead guilty to this offense, to dismiss his appeal for aggravated criminal sexual assault, and not file an appeal or post-conviction petition from his convictions of obstructing justice in exchange for the State's agreement to dismiss charges for violation

of bail bond. The court imposed a sentence of two years' imprisonment to be served consecutively with his sentence for aggravated criminal sexual assault. This court entered an order dismissing defendant's appeal from his conviction of aggravated criminal sexual assault on March 31, 1991. *People v. Tarnow* (2d Dist., March 13, 1990), No. 2—89—1331.

On May 15, 1991, defendant mailed a petition for post-conviction relief from the Department of Corrections. (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 (now codified, as amended, at 725 ILCS 5/122—1 (West 1992)).) It was file-stamped on May 20, 1991. On May 21, 1991, the circuit court granted defendant's petition to file as a poor person, ordered defendant's receipt of a free transcript, and appointed a special assistant public defender to represent him. (Ill. Rev. Stat. 1991, ch. 38, par. 122—4 (now codified, as amended, at 725 ILCS 5/122—4 (West 1992)).) The trial court dismissed defendant's petition as frivolous and patently without merit in a written order entered on June 20, 1991.

Defendant filed a motion to reconsider the dismissal. The motion was denied on July 15, 1991, and this appeal followed. Defendant contends that the court's judgment of summary dismissal is void because it was not entered within the time allotted by statute.

The State responds by asserting that the dismissal was proper since defendant waived his right to file a post-conviction petition as part of his negotiated plea of guilty to charges of obstructing justice. Defendant's post-conviction petition alleges that counsel coerced him into pleading guilty to charges of obstructing justice by indicating that the judge would impose the maximum consecutive sentence for violation of bail bond if he did not plead guilty. Defendant's petition also asserts that the waiver of his right to appeal his conviction of aggravated criminal sexual assault was not knowing and intelligent because the court failed to admonish him concerning the rights he sacrificed by entering the plea. Since defendant's post-conviction petition raises issues collateral to the waiver of his right to file a post-conviction petition, we will review defendant's appeal on the merits.

Section 122—2.1 of the Post-Conviction Hearing Act (the Act), in effect at the time defendant filed his petition for post-conviction relief, requires the court to examine the petition and enter an order "[w]ithin 30 days after the filing *and* docketing of each petition." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a) (now codified, as amended, at 725 ILCS 5/122—2.1(a) (West 1992)).) Within 30 days of the filing and docketing of a post-conviction petition, the court may enter an order dismissing a defendant's petition as frivo-

lous and patently without merit. If the petition is not dismissed, it must be docketed for further consideration in accordance with the Act. Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1 (now codified, as amended, at 725 ILCS 5/122—2.1(a)(2) (West 1992)).

■ Our supreme court has indicated that the 30-day rule set forth in section 122—2.1 is mandatory, not directory. (*People v. Porter* (1988), 122 Ill. 2d 64, 86, *cert. denied* (1988), 488 U.S. 837, 102 L. Ed. 2d 77, 109 S. Ct. 102.) If more than 30 days have elapsed since the petition was filed, the court has no authority to enter a judgment of summary dismissal. (*People v. Phillips* (1989), 183 Ill. App. 3d 417, 421.) Thus, a judgment of summary dismissal entered after the 30-day period has expired is void. (*People v. Byers* (1990), 196 Ill. App. 3d 502, 509.) The petition must be treated as if the court found it was not frivolous or patently without merit. (*People v. Jett* (1991), 211 Ill. App. 3d 92, 95.) If this occurs, the petition must be placed on the court's docket for further consideration under the Act. Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(b) (now codified, as amended, at 725 ILCS 5/122—2.1(b) (West 1992)); *Porter*, 122 Ill. 2d at 86; *Phillips*, 183 Ill. App. 3d at 419-20.

■ Defendant contends the dismissal was improper because it was entered outside of the 30-day period allotted by section 122—2.1(a) of the Act. Section 1.11 of the Statute on Statutes provides for computation of dates as follows:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." (5 ILCS 70/1.11 (West 1992).)

Defendant's petition was file-stamped Wednesday, May 20, 1991. The trial court dismissed defendant's petition as frivolous and patently without merit on Thursday, June 20, 1991, 31 days following the date the petition was file-stamped. The circuit court found that defendant's petition for post-conviction relief was docketed on May 21, 1991, the date which defendant's motions to file as a poor person, obtain a free transcript, and appoint an attorney to represent him were granted. Thus, the trial court ruled that its dismissal was within the 30 days allotted by section 122—2.1 of the Act. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(b) (now codified, as amended, at 725 ILCS 5/122—2.1(b) (West 1992)).) Defendant, however, contends that the case was filed

and docketed on May 20, 1991, and that the court's dismissal is void because it occurred outside the 30-day period.

The specific language of section 122—2.1 of the Act requires the circuit court to examine a defendant's post-conviction petition and enter an order "[w]ithin 30 days after the filing *and* docketing of each petition." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a) (now codified, as amended, at 725 ILCS 5/122—2.1(a) (West 1992)).) In *People v. Byers* (1990), 196 Ill. App. 3d 502, 509, the court recognized prior cases which held that the 30-day period began to run on the date the petition was filed with no mention as to when the petition was docketed. It explained the court's reliance on the date of filing by characterizing the docketing process as "ministerial acts performed by the clerk upon receipt of the petition." (*Byers*, 196 Ill. App. 3d at 509.) The *Byers* court ruled that the trial court's failure to dismiss the petition within 30 days of filing renders the summary dismissal void.

The record in this case unequivocally reflects that defendant's petition for post-conviction relief was filed on May 20, 1991. Our supreme court has clarified that a judgment of summary dismissal must be entered within the 30-day period. (*Porter*, 122 Ill. 2d at 85.) We agree with the *Byers* characterization of the docketing process as "ministerial acts performed by the clerk upon receipt of the petition." (*Byers*, 196 Ill. App. 3d at 509.) Timeliness is essential to ensuring a defendant's post-conviction rights are protected. We agree with *Byers* and determine that the 30-day period began to run on the date the petition was filed in the trial court. Thus, the court's judgment summarily dismissing defendant's post-conviction petition is void as it was entered outside the 30-day period allotted by section 122—2.1 of the Act.

Accordingly, we reverse the judgment of the circuit court of McHenry County and remand the cause to the trial court for further proceedings pursuant to section 122—4 through section 122—6 of the Act. See Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(b) (now codified, as amended, at 725 ILCS 5/122—2.1(b) (West 1992)).

Reversed and remanded.

WOODWARD and BOWMAN, JJ., concur.