THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY STEIN, Defendant-Appellant.

Third District  Nos. 3—93—0107 through 3—93—0110 cons.

Opinion filed December 28, 1993.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant, Gary Stein, appeals from an order of the circuit court dismissing his post-conviction petition without an evidentiary hearing. We affirm.

On October 23, 1990, defendant entered negotiated pleas of guilty to charges of home invasion, burglary, and two charges of residential burglary. He was sentenced to four concurrent terms of imprisonment ranging from 7 to 20 years in accordance with the plea agreement. On December 6, 1990, defendant filed a motion to withdraw his guilty pleas. This motion was dismissed as untimely because it was not filed

within 30 days of sentencing. On January 17, 1992, defendant filed a petition for post-conviction relief. The petition alleged that: (1) his trial counsel was ineffective in failing to investigate a duress defense; (2) his involuntary confession was improperly admitted; (3) his bail was excessive; and (4) his guilty pleas were involuntary because of an unfulfilled promise of leniency by his trial counsel. Defendant moved for the appointment of counsel. That motion was granted and the petition was docketed for further action on March 24, 1992.

The State filed a motion to dismiss defendant's petition. In its order granting the State's motion, the trial court set forth two reasons for the dismissal:

> "C. Defendant did not allege that he requested his attorney to file a motion to withdraw his guilty plea or to appeal.
>
> D. Defendant provides no support for his allegations."

On appeal, defendant contends that the trial court erred in basing the dismissal of his petition on his failure to allege in the petition that he had asked his attorney to file a motion to withdraw his guilty pleas or to appeal. We agree. A defendant who pleads guilty is not required to withdraw his guilty plea and perfect a direct appeal pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) in order to pursue post-conviction relief. (*People v. Brumas* (1986), 142 Ill. App. 3d 178, 491 N.E.2d 773 (holding that Rule 604(d) is inapplicable to post-conviction proceedings, and guilty plea does not result in waiver of all issues raised in post-conviction petition when voluntariness of plea itself is raised); see also *People v. Phillips* (1989), 183 Ill. App. 3d 417, 423, 539 N.E.2d 804 ("withdrawal of the guilty plea was not necessary for a post-conviction petition").) Because defendant was not required to allege in his petition that he had asked his attorney to file a motion to withdraw his guilty pleas, the trial court abused its discretion in dismissing defendant's motion on that basis.

However, the trial court also granted the State's motion to dismiss based upon defendant's failure to provide any support for the allegations in his petition. We find that the trial court did not abuse its discretion in dismissing the petition on this basis.

To merit an evidentiary hearing, a post-conviction petition must make a substantial showing that defendant's constitutional rights have been violated. (*People v. Johnson* (1993), 154 Ill. 2d 227, 609 N.E.2d 304.) The petition must contain specific factual allegations rather than conclusory statements. (*People v. Janis* (1992), 240 Ill. App. 3d 805, 608 N.E.2d 359.) The defendant has the burden of supporting the factual allegations in the petition by affidavits, the record, or other evidence containing specific facts. (*People v. Collins* (1992),

153 Ill. 2d 130, 606 N.E.2d 1137.) "Nonmeritorious petitions may be dismissed without a hearing on the basis of what is contained in the petition and what is revealed in the record of the trial or other proceedings." (*People v. Pittman* (1989), 192 Ill. App. 3d 943, 949, 549 N.E.2d 742, 746.) The decision to dismiss a post-conviction petition without an evidentiary hearing is within the discretion of the trial court and will not be reversed absent an abuse of that discretion. *People v. Hartfield* (1992), 232 Ill. App. 3d 198, 596 N.E.2d 703.

In the present case, defendant's petition contains conclusory statements alleging violations of his constitutional rights because: he received ineffective assistance of counsel by his trial counsel's failure to investigate a duress defense; his involuntary confession was improperly admitted; he was held to excessive bail; and his guilty plea was involuntary because of an unfulfilled promise of leniency by defendant's trial counsel. Defendant's petition sets forth no evidence to support these conclusionary allegations, and he has filed no affidavit to support his petition. Defendant fails to explain why he believes his counsel should have investigated a duress defense. He fails to even allege facts to explain how or why he was under duress at the time he committed the instant offenses. Defendant also fails to explain why he believes his written confession was involuntary, or why he believes he was held to excessive bail. Defendant simply failed to allege any specific facts which would support these claimed constitutional violations.

Defendant's contention that his guilty pleas were involuntary because of an unfulfilled promise of leniency is also unexplained in the petition. In another pleading defendant did assert that defense counsel had promised him a sentence of 10 years in prison and service in a medium security prison. This assertion, however, was not made in defendant's post-conviction petition or in an attached affidavit. Moreover, we find this unsubstantiated assertion insufficient to rebut the record of the plea hearing in which defendant indicated that neither threats nor promises, other than the plea agreement, motivated him in entering the guilty pleas. The record also establishes that the court informed defendant of the potential sentences before accepting the pleas, and that defendant was in fact sentenced in accordance with his plea agreement. Where the record refutes defendant's assertion that his plea was involuntarily entered, the petition may properly be dismissed by the trial court. (*People v. Fern* (1993), 240 Ill. App. 3d 1031, 607 N.E.2d 951 (petition alleging involuntariness of guilty pleas properly dismissed where record of plea hearing refuted defendant's claims of threats and unfulfilled promises on part of defense counsel); see also *People v. Jones* (1991), 144 Ill. 2d 242, 579 N.E.2d 829; *Peo-*

*ple v. Huante* (1991), 143 Ill. 2d 61, 571 N.E.2d 736.) We conclude that the trial court was well within its discretion in dismissing defendant's petition without an evidentiary hearing based on defendant's failure to support his allegations by affidavits, the record, or other evidence containing specific facts as required.

For the reasons stated above, the order of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY, P.J., and STOUDER, J., concur.