THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. WILLIE MITCHELL, Petitioner-Appellant.

Third District   Nos. 3—90—0796 through 3—90—0799 cons.

Opinion filed August 28, 1991.

E. Joyce Randolph, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The petitioner, Willie Mitchell, was convicted of residential burglary and two counts of felony theft. While on probation for those offenses, he was charged with additional counts of residential burglary, robbery, and aggravated criminal sexual assault. He pled guilty to one count of residential burglary. A jury thereafter also found him guilty of aggravated criminal sexual assault and residential burglary. The trial court sentenced him to a total of 45 years' imprisonment. The petitioner appealed, and we affirmed. He subsequently filed a post-

conviction petition, which the court dismissed as frivolous and patently without merit. He now appeals that order.

The petitioner's post-conviction petition was filed on October 4, 1990. On October 11, 1990, the State filed a motion to dismiss the petition. The State's motion requested only that the court "dismiss the defendant's Petition for Post-Conviction Relief in that it fails to state a cause of action." On the same page as the motion, the State included a proposed order stating: "On Motion of the State, Defendant's Petition for Post-Conviction Relief is denied." There is nothing in the record indicating the People ever appeared before the trial judge to argue their motion.

On October 27, the trial judge considered the petition pursuant to section 122—2.1(a) of the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a)). The judge's docket entry indicates that he considered the nature of the alleged constitutional violation claimed by the petitioner and determined that the petition was frivolous because it contained allegations which went to the legality of the sentence, not to the constitutionality of the sentence or the petitioner's convictions. The trial judge also ruled that the petition raised matters which could have been raised on direct appeal. Finally, the judge found that the petition was based on a misreading of the sentencing statutes and that there was no violation of those statutes since they were all *in pari materia*. That same day, the trial judge also signed the proposed order attached to the State's motion to dismiss.

On appeal, the petitioner argues that he is entitled to the appointment of counsel and an evidentiary hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). His argument is premised on the fact that the State filed its motion to dismiss prior to the trial judge's determination that his petition was frivolous. He claims that the trial judge should have considered his petition without any input from the State and cites a number of cases in support of his proposition. *E.g., People v. Brothers* (1989), 179 Ill. App. 3d 788, 535 N.E.2d 45; *People v. Day* (1987), 152 Ill. App. 3d 416, 504 N.E.2d 979.

■■ We begin by noting that section 122—5 of the Act provides that the State shall move or answer within 30 days after the trial court finds that the post-conviction petition is not frivolous or patently without merit. (Ill. Rev. Stat. 1989, ch. 38, par. 122—5.) However, nowhere does the Act state that the mere early filing of a motion to dismiss contaminates the process and precludes the trial court from independently determining whether a post-conviction petition

has any merit. Further, although the cases cited by the petitioner indicate that the State should not file its motion prior to the trial court's initial decision, none of the cases states that the premature filing of a motion constitutes *per se* reversible error. Rather, we find that the issue is whether the trial court's decision was improperly tainted by the State's premature motion to dismiss.

■ A review of the record discloses nothing that would indicate the State ever argued before the trial court. Furthermore, the trial judge's docket entry clearly shows a detailed analysis of the petition which in no way indicates reliance on the State's terse motion to dismiss. We also note that having examined the petition ourselves, we find no error by the trial court. We therefore find that the judge's decision was not tainted by the State's premature motion.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER, P.J., and HAASE, J., concur.