THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
JESSIE L. MERRITTE, Petitioner-Appellant.

Third District   No. 3—91—0583

Opinion filed March 12, 1992.

Dan Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for
appellant.

Joseph Navarro, State's Attorney, of Ottawa (Judith Z. Kelly, of State's
Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The petitioner, Jessie L. Merritte, was convicted of unlawful pos-
session of a controlled substance and sentenced to 14 years' imprison-
ment. He appealed, and we affirmed his conviction and sentence.
(*People v. Merritte* (3d Dist. 1990), No. 3—89—0543 (unpublished or-
der under Supreme Court Rule 23).) He subsequently filed a post-con-
viction petition which was dismissed by the trial court as frivolous and
patently without merit. He now appeals that order.

The petitioner's *pro se* post-conviction petition was filed on July
18, 1991. At a hearing on August 6, 1991, at which the petitioner and
an assistant prosecutor appeared, the State orally moved to dismiss
the petition and presented arguments in support of its position. The
court found the post-conviction petition to be frivolous and patently
without merit "based on the reasons stated by Counsel in his argu-
ment and based on the further statement by the Court."

The only issue raised by the petitioner on appeal is whether this
cause must be remanded for appointment of counsel and for further

proceedings under the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). Specifically, the petitioner contends that this cause must be remanded because the trial court improperly considered the State's oral motion to dismiss and its arguments on that motion, within 30 days after he filed his post-conviction petition.

The State concedes that it should not have been permitted to raise an oral motion to dismiss, nor should it have been allowed to argue that motion, within 30 days of the filing of the petitioner's post-conviction petition. It notes that the trial judge's determination at that stage is to be made without input from either side. (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555; *People v. Alexander* (1985), 136 Ill. App. 3d 1047, 483 N.E.2d 1039.) However, the State argues that the trial court's order should be affirmed in light of our recent decision in *People v. Mitchell* (1991), 218 Ill. App. 3d 401, 578 N.E.2d 297.

In *Mitchell*, the State filed a motion to dismiss prior to the trial court's determination that the petitioner's post-conviction petition was frivolous and patently without merit. On appeal, we held that the mere filing of the motion to dismiss did not contaminate the process and preclude the trial court from independently determining whether the post-conviction petition had any merit. We found that the trial court's decision was not improperly tainted because the State had never argued its very brief motion to dismiss before the court. Further, we noted that the trial court in no way relied on the State's motion to dismiss when it determined that the post-conviction petition was frivolous and patently without merit. *People v. Mitchell* (1991), 218 Ill. App. 3d 401, 578 N.E.2d 297.

The facts in the instant case are quite different from those in *Mitchell*. Here, the State argued its motion to dismiss at length before the court. Further, the court specifically stated that the dismissal of the post-conviction petition was based, at least in part, on the reasons presented by the State in its oral argument. Unlike *Mitchell*, the trial court's decision in the case at hand was improperly tainted by the State's premature input. Therefore, the dismissal order must be reversed and the cause remanded.

The State next argues that if the cause is to be remanded, the 30-day time limit contained in the statute should be considered tolled by the petitioner's appeal and this cause should be remanded for new findings under section 122—2.1 of the Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1). The petitioner, on the other hand, contends that the cause should be remanded for consideration and appointment of coun-

sel pursuant to sections 122—4 through 122—6 of the Act (Ill. Rev. Stat. 1989, ch. 38, pars. 122—4 through 122—6).

Section 122—2.1(b) provides that "[i]f the petition is not dismissed *pursuant to this Section,* the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(b).

In the instant case, we note that because of the State's premature input, the petition was not properly dismissed pursuant to section 122—2.1. We further note that remanding for a new finding under section 122—2.1 would subject the petitioner to undue delay resulting from the State's misconduct. Additionally, remanding for consideration under section 122—2.1 may not rectify the undue advantage the State gained by virtue of having been able to present its arguments prematurely. Accordingly, the petition should be docketed for further consideration under sections 122—4 through 122—6. Ill. Rev. Stat. 1989, ch. 38, pars. 122—4 through 122—6.

The judgment of the circuit court of La Salle County is reversed and the cause is remanded for further consideration.

Reversed and remanded.

STOUDER and SLATER, JJ., concur.