THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CLAY SCOTT CLARK, Defendant-Appellant.

Third District   No. 3—92—0048

Opinion filed December 23, 1992.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Clay Scott Clark, was convicted of murder and sentenced to 26 years of imprisonment (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)). He filed a direct appeal and this court affirmed his conviction. (*People v. Clark* (1988), 165 Ill. App. 3d 210, 518 N.E.2d 763.) The defendant then filed a post-conviction petition, which the court dismissed as frivolous and patently without merit. The defendant appeals.

The defendant filed a *pro se* petition for post-conviction relief on December 12, 1991. On December 20, 1991, a hearing was held in the defendant's absence. At that hearing, the State orally moved to dis-

miss the defendant's petition because it was patently without merit. The State supported its argument by referring to relevant case law. The sole issue on appeal is whether the trial court was improperly tainted by the State's premature motion to dismiss.

The defendant argues that the trial judge did not follow the proper procedure pursuant to the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*). Specifically, he argues that the State was improperly allowed input into the trial judge's summary dismissal of the petition, and that the petition was dismissed pursuant to the State's oral motion to dismiss. Accordingly, the defendant argues that the dismissal must be reversed and the cause should be remanded for the appointment of counsel and further consideration under sections 122—4 through 122—6 of the Act. We agree. Therefore, we reverse and remand.

■ The State contends that *People v. Mitchell* (1991), 218 Ill. App. 3d 401, 578 N.E.2d 297, is controlling. We disagree. In *Mitchell*, this court recognized that neither the Post-Conviction Hearing Act nor case law states that premature filing of a motion to dismiss by the State *per se* contaminates the process and precludes the trial judge from independently determining whether a post-conviction petition has any merit. This court went on to note that the trial judge's finding showed an analysis of the petition which did not indicate reliance on the State's motion to dismiss. We believe that the State's reliance on *Mitchell* is misplaced.

The defendant supports his argument with the case of *People v. Merritte* (1992), 225 Ill. App. 3d 986, 589 N.E.2d 190. In *Merritte*, this court held that premature input by the State had tainted the trial court's independent decision on its dismissal of the defendant's post-conviction petition. The facts of *Merritte* show that the State argued its motion to dismiss at length before the court. Further, in *Merritte*, the trial court dismissed the defendant's petition "based on the reasons stated by counsel in his argument." We find *Merritte* controlling in this appeal.

■ In the instant case, like *Merritte*, the trial judge's dismissal of the post-conviction petition was tainted by the State's premature motion to dismiss. The State orally argued that the defendant's petition was patently without merit. Further, the State used case law to support its oral argument and supplemented its motion with copies of two cases. In a written order, the trial court dismissed the petition "upon representations of the People in a review of the Court file[.]" In accordance with *Merritte*, and based upon the court's written or-

der, we find that the State's premature motion and oral argument clearly tainted the trial court's decision.

Consequently, we reverse the judgment of the circuit court of Will County and remand for further proceedings.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.