THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN L. WOODS, Defendant-Appellant.

Third District   No. 3—92—0280

Opinion filed December 23, 1992.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

On April 18, 1985, the defendant, Steven L. Woods, entered a negotiated plea of guilty to two counts of robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—1(a)). He was then sentenced to two concurrent terms of five years' imprisonment. On January 27, 1992, Woods filed a *pro*

*se* petition for post-conviction relief. The petition was dismissed on February 25, 1992. Woods appeals. We affirm.

The record shows that on February 18, 1992, the State filed a motion to dismiss claiming that Woods' petition was frivolous and patently without merit. On February 20, 1991, a hearing was held in Woods' absence. The trial court found that Woods could not invoke post-conviction relief because he was no longer imprisoned or on mandatory supervised release. (See Ill. Rev. Stat. 1991, ch. 38, par. 122—1.) The court further found Woods' petition was frivolous and patently without merit. Woods' sole argument on appeal is that the trial court was improperly tainted by the State's premature motion to dismiss. We disagree.

■ We note the State initially argues that we do not have jurisdiction because Woods' notice of appeal was not timely filed. Our review of the record indicates that the notice of appeal was untimely only because Woods had received late notice of the denial of his petition. Since the late filing was not Woods' fault, we extend the time for filing the notice of appeal. Accordingly, we find Woods' appeal was timely filed. See 134 Ill. 2d R. 606(c).

Woods argues that the trial judge did not follow the proper procedure pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*). Therefore, Woods argues that the dismissal of his petition must be reversed and the cause should be remanded for appointment of counsel and further consideration under sections 122—4 through 122—6 of the Act. We disagree.

Woods supports his argument with the case of *People v. Merritte* (1992), 225 Ill. App. 3d 986, 589 N.E.2d 190. In *Merritte*, the State moved to dismiss the defendant's post-conviction petition within 30 days of its filing. This court held that the premature input by the State had tainted the trial court's decision to dismiss the defendant's post-conviction petition. In *Merritte*, the facts clearly show that the State argued at length its motion to dismiss. Further, in *Merritte*, the trial court dismissed the defendant's petition "based on the reasons stated by counsel in his argument."

The State, however, contends that *People v. Mitchell* (1991), 218 Ill. App. 3d 401, 578 N.E.2d 297, is controlling. We agree. In *Mitchell*, this court recognized that neither the Post-Conviction Hearing Act nor case law holds that the premature filing of a motion to dismiss by the State *per se* contaminates the process. In *Mitchell*, we noted that the trial judge's findings clearly showed an *independent* analysis of the merits of the petition. We also found in *Mitchell* that the record did *not* indicate any reliance on the State's motion to dismiss.

■ We find that *Mitchell* is controlling in the instant appeal. Here, the State's motion to dismiss was short, terse, and only claimed that Woods' petition was frivolous and patently without merit. Although the State did file a case in support of its motion, it did not make any oral arguments at the petition hearing. Our review of the record indicates that the trial judge's analysis was not influenced by the State's motion. We conclude that the trial judge ruled independently as a result of clear case law. The trial judge found Woods was not within the scope of the Post-Conviction Hearing Act because he was no longer imprisoned or on mandatory supervised relief. Accordingly, the trial court properly dismissed Woods' petition as frivolous and patently without merit.

For the reasons indicated, we affirm the judgment of the circuit court of Kankakee County.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.