SIXTH DIVISION 
 May 23, 1997



No. 1-95-0847 

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the 
 ) Circuit Court of
 Plaintiff-Appellee, ) Cook County
 )
 v. ) 
 )
ROBERT ANDERSON, )
a/k/a Martinez Moore, ) Honorable 
 ) Themis N. Karnezis, 
 Defendant-Appellant. ) Judge Presiding. 


 MODIFIED ON DENIAL OF REHEARING 


 PRESIDING JUSTICE GREIMAN delivered the opinion of the 

court: 

 Defendant Robert Anderson, a/k/a Martinez Moore, appeals the
trial court's dismissal of his pro se petition for post-
conviction relief as frivolous and patently without merit. 
Defendant previously had pled guilty to one count of home
invasion and received an eight-year sentence to be served
consecutively with the sentence from another, unrelated
conviction. 
 Two issues are raised on appeal: (1) whether the statements
made by the prosecutor during the dismissal proceeding constitute
reversible error; and (2) whether defendant's pro se petition for
post-conviction relief sufficiently established a claim of
ineffective assistance of counsel for failure to withdraw
defendant's guilty plea. 
 We affirm. 
 On June 11, 1993, defendant was charged by a six-count
indictment that included the offense of home invasion from an
incident that occurred on May 30, 1993. The charges stated that
defendant, armed with a baseball bat, entered the residence of
Leanya Letcher, threatened the imminent use of force against her,
and struck her in the head with a baseball bat. 
 On November 18, 1994, defendant pled guilty to the home
invasion charge. At the guilty plea hearing, defendant was
represented by private counsel. Defendant's attorney stated to
the court that "[w]e have conveyed to [defendant] the result of
the continuation of the [Rule] 402 conference" and defendant
decided to enter a plea of guilty. The trial court advised
defendant of the charges against him, the applicable sentencing
range (6 to 30 years), other possible penalties (such as a fine
up to $10,000), his right to a trial by jury, and other attendant
legal rights, such as the right to remain silent and confront the
witnesses against him. After defendant stated that he understood
these rights, defendant presented his jury waiver and continued
in his plea of guilty. 
 Defendant further agreed that he was entering his plea of
guilty freely and voluntarily, that no one had threatened or
forced him to plead guilty, and the recommended sentence would be
eight years in prison. The State then submitted the factual
basis for the charged offense and defendant stipulated to the
factual basis of the charge. 
 The trial court accepted defendant's plea of guilty and the
recommended eight-year sentence. The trial court advised
defendant of his appeal rights as follows: 
 "I want to advise you, Mr. Moore, that you have a
 right to appeal the decision of this court. In order
 to perfect that right you must file within 30 days a
 notice of appeal. That must be in writing and signed
 by you. 
 If you are indigent a free copy of the transcript
 will be provided, also an attorney. 
 Any point not set out in your motion to vacate
 your plea of guilty will be deemed waive." 
Defendant stated that he understood the trial court's
instructions. 
 On January 26, 1995, defendant filed a pro se petition for
post-conviction relief and a motion for appointment of counsel. 
In his petition, defendant averred that he was denied effective
assistance of counsel because his counsel (1) failed to withdraw
his guilty plea upon defendant's request and (2) failed to file a
motion to suppress defendant's confession on the grounds that it
was involuntary and coerced. Regarding his desire to withdraw
his guilty plea, defendant stated that he "did inform counsel he
wanted to withdraw his guilty plea and was informed counsel
didn't think it was prudent." Defendant also alleged that about
three weeks after pleading guilty, he had sent his attorney a
letter stating that he wanted to withdraw his guilty plea and he
"did not receive any reply from counsel." No affidavits or
supporting documents were attached to the petition. 
 On February 1, 1995, the trial court denied defendant's
post-conviction petition. At the proceeding, the trial court
recounted defendant's guilty plea and sentence, acknowledged
receipt of the documents filed by defendant, and noted the
specific allegations in the petition. The trial court observed
that neither a motion to withdraw his plea of guilty nor an
appeal had been filed and ruled that defendant "has waived any 
matters which could have properly been brought by way of filing a
motion to vacate or in the alternative a notice of appeal." The
trial court further stated that the points raised by defendant
"are in fact supported by an affidavit, that it is his affidavit"
and there are no additional affidavits to support his
contentions. The following exchange then occurred between the
assistant State's Attorney and the court: 
 "MR. BYRNE [Assistant State's Attorney]: Judge,
 just also I recall the case as well as I don't know
 what the defendant's affidavit specifically states but
 I remember him being represented by very able,
 competent counsel. 
 THE COURT: Yes, he was, by several private
 attorneys. 
 MR. BYRNE: Mr. Wolff and Mr. Hickey. 
 THE COURT: Not only Mr. Wolff and Mr. Hickey and
 Mr. Nemzin, that firm represented him. 
 Let me see. Well, the affidavit is just the
 affidavit, he was read the foregoing by him,
 subscribing the same is true and correct. 
 So most respectfully his post-conviction petition
 will be denied. That will be the order." 
 On appeal, defendant first asserts that the statements made
by the assistant State's Attorney's at the post-conviction
proceeding were patently improper and, therefore, the summary
dismissal order should be reversed and the cause should be
remanded for further post-conviction proceedings. Defendant
maintains that (1) the prosecutor's remark "I don't know what the
defendant's affidavit states" was an impermissible observation
directed at the sufficiency of the claim; and (2) the
prosecutor's remark "I remember him being represented by very
able, competent counsel" was an impermissible opinion meant as a
candid contradiction to defendant's assertion of ineffective
assistance of counsel. 
 The State contends that the comments made by the assistant
State's Attorney were incidental and had no effect on the
decision of the trial court. The State maintains that the first
challenged statement ("I don't know what the defendant's
affidavit states") indicates that the prosecutor had not even
seen the petition, let alone argued its merits. The State
submits that in the second challenged statement ("I remember him
being represented by very able, competent counsel. *** Mr. Wolff
and Mr. Hickey"), the prosecutor was merely reminding the judge
of the identity of defendant's trial counsel, that such
information was a matter of record and not a comment on the
merits of the petition. The State further argues that the trial
court's statements demonstrate that it dismissed the petition
based upon the trial court's independent review of the petition
and opinion of its merits. 
 The Post-Conviction Hearing Act (the Act) establishes a
three-step process for adjudication of a petition for post-
conviction relief. 725 ILCS 5/122-1 et seq. (West 1994). The
court must first determine whether the petition is frivolous or
is patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 1994). 
If the petition is found to be frivolous or patently without
merit, the court may summarily dismiss the petition. 725 ILCS
5/122-2.1(a)(2) (West 1994). Second, if the petition is not
summarily dismissed, then the court may appoint counsel to
represent an indigent defendant. 725 ILCS 5/122-4 (West 1994). 
Counsel may amend the post-conviction petition and the State may
then move to dismiss the petition. 725 ILCS 5/122-5 (West 1994). 
The third stage provides for an evidentiary hearing at the
discretion of the trial court. 725 ILCS 5/122-6 (West 1994). On
review of matters decided under the Act, the trial court's
determinations will not be disturbed unless manifestly erroneous. 
People v. Whitehead, 169 Ill. 2d 355, 365 (1996).
 The present case was summarily dismissed and, therefore, did
not advance beyond the first stage. At the first stage, "the
circuit court considers the petition independently, without any
input from either side." People v. Gaultney, No. 80172, slip op.
at 6-7 (December 19, 1996). Where the trial court dismisses a
post-conviction petition in the first stage, reversal on appeal
"is required where the record shows that the circuit court sought
or relied on input from the State when determining the petition
is frivolous." Gaultney, slip op. at 8. Where the record shows
no such indication, we must presume that the trial judge acted
properly. Gaultney, slip op. at 8-9. 
 In Gaultney, the supreme court affirmed the dismissal of the
defendant's post-conviction petition as frivolous and patently
without merit. The State in Gaultney filed a motion to dismiss
even though such filing is premature and improper at the first
stage. The supreme court held that "[t]he mere early filing of a
motion or responsive pleading by the State, however, does not per
se contaminate the circuit court's determination pursuant to
section 122-2.1" because the premature filing of such motion
"does not prevent the circuit court from independently evaluating
whether a post-conviction petition is frivolous or patently
without merit." Gaultney, slip op. at 7-8, citing People v.
Mitchell, 218 Ill. App. 3d 401 (1991). The supreme court
rejected the defendant's argument that the circuit court's order
demonstrated reliance on the State's motion to dismiss. 
Gaultney, slip op. at 9. 
 The supreme court in Gaultney expressly agreed with the
approach of prior appellate decisions in determining whether or
not the trial judge's independent evaluation was tainted at the
first stage of a post-conviction petition proceeding. Gaultney,
slip op. at 8. With Gaultney in mind, defendant relies on six
cases which held that the trial court improperly considered
matters or arguments outside the post-conviction petition in
determining whether the petition would be summarily dismissed as
frivolous or patently without merit: People v. Oury, 259 Ill.
App. 3d 663 (1994); People v. Barker, 258 Ill. App. 3d 323
(1994); People v. Rutkowski, 225 Ill. App. 3d 1065 (1992); People
v. Merritte, 225 Ill. App. 3d 986 (1992); People v. Novak, 200
Ill. App. 3d 189 (1990); and People v. Brothers, 179 Ill. App. 3d
788 (1989). 
 After the defendant in Oury filed a pro se post-conviction
petition, the trial court granted the defendant leave to sue as a
poor person and appointed the public defender to represent her. 
The State filed a motion to strike the defendant's petition,
asserting that it was lacking form and substance. The record
revealed that the trial "court expressed its preference to decide
with the benefit of counsel's argument whether the petition was
frivolous or patently without merit. *** [A]fter hearing the
arguments of the State and of appointed defense counsel, the
court granted the State's motion to strike and dismissed the
petition as frivolous and patently without merit under section
122-2.1(a) of the Act." Oury, 259 Ill. App. 3d at 666. 
 In Barker, the trial court committed reversible error in
summarily dismissing the defendant's post-conviction petition
where it "invited premature legal argument from attorneys for
both sides before summarily dismissing defendant's petition" and
asked "the parties to advocate their positions in anticipation of
the court's independent preliminary determination of the
petition's merit." Barker, 258 Ill. App. 3d at 326. 
 The defendant in Rutkowski filed a second amended post-
conviction petition pro se. At the first hearing, the "State
argued that defendant had not presented an affidavit to prove
that a psychiatrist, who testified at defendant's trial, was not
properly licensed." Rutkowski, 225 Ill. App. 3d at 1067. Two
days later the trial court dismissed the defendant's post-
conviction petition as being frivolous and without merit. The
appellate court held that "[t]he record reflects that the trial
court considered the State's arguments" from two days prior to
its rendering its decision. Rutkowski, 225 Ill. App. 3d at 1067. 
 In Merritte, the summary dismissal of the defendant's pro se
post-conviction petition was reversed where the State orally
moved to dismiss the petition and presented arguments in support
of its position, and the trial court specifically found the
petition to be frivolous and patently without merit "based on the
reasons stated by Counsel in his argument and based on the
further statement by the Court." Merritte, 225 Ill. App. 3d at
986. The appellate court reversed the dismissal, finding that
"the State argued its motion to dismiss at length before the
court" and "the court specifically stated that the dismissal of
the post-conviction petition was based, at least in part, on the
reasons presented by the State in its oral argument." Merritte,
225 Ill. App. 3d at 987.
 In Novak, the State conceded that the summary dismissal of
the defendant's pro se post-conviction petition was error where
the State filed a motion to dismiss and the court proceeded to
dismiss the petition pursuant to the State's motion. Novak, 200
Ill. App. 3d at 190-91. 
 During the hearing on the defendant's petition in Brothers,
the trial court asked the State to address the issue of whether
defendant was entitled to be represented by counsel during these
proceedings. After its response, the State was "allowed to argue
that the alleged constitutional violation raised in defendant's
petition was meritless and the petition should be dismissed." 
Brothers, 179 Ill. App. 3d at 789. Defendant made no response. 
The trial court continued the matter and appointed the public
defender's office to represent defendant. After the public
defender stated that her appointment was tantamount to finding
that the defendant's petition was not frivolous, the trial court
ruled "for the reasons that the State's Attorney has indicated,
the petition on its face does not set forth substantive reasons
to justify the granting of the post-conviction relief ***. *** I
am going to go ahead and grant the State's motion to dismiss
[defendant's] petition for post-conviction relief." Brothers,
179 Ill. App. 3d at 790. 
 Unlike the above cases, which found improper participation
by one or both of the parties, the trial court, in the present
case, did not request or invite or seek to entertain, in any way,
input or argument from either party. Moreover, the trial court
did not state or even imply that its ruling was based, in any
way, on the State's comments. Furthermore, the State made no
motions, either written or oral. 
 In Gaultney, the supreme court held that "reversal is
required where the record shows that the circuit court sought or
relied on input from the State when determining whether the
petition is frivolous." Gaultney, slip op. at 8. In the present
case, the transcript establishes that the trial court had clearly
read and considered defendant's petition, determined that certain
issues were waived, and decided to summarily dismiss the petition
independent of any input by the State. The State expressly
acknowledged that it did not know the contents of defendant's
petition but recalled the identity of the defense counsel. The
trial court restated the names of defense counsel and, in fact,
included one more name. While we believe that the State's
characterization of the attorneys' reputations as "very able" and
"competent" should have been left unspoken, we find that those
comments did not contaminate the trial court's independent
decision-making ability. To hold that the trial judge's decision
was less than independent based on the record here insults the
ability of the trial court to distinguish between uninvited,
incidental remarks of the State and the substantive legal matters
raised in the petition. Moreover, counsel's competency, as
acknowledged by the State, related to in-court conduct while the
petition complained of counsel's conduct outside the record and
subsequent to the trial. 
 Next, defendant addresses the merits of his petition and
asserts that his pro se post-conviction petition sufficiently
raised the claims that (1) he received ineffective assistance of
counsel because his counsel failed to act on his desire to
withdraw his guilty plea and, thereby, failed to perfect an
appeal; and (2) the guilty plea proceedings were defective. 
Defendant urges this court to overlook the absence of any
affidavit attached to the petition, to look beyond the language
of the petition, and to infer an unstated claim for failure to
perfect an appeal from the stated claim of failure to withdraw
his guilty plea. 
 To determine the sufficiency of the claims now advanced by
defendant, we are instructed by the Act and case law regarding
waiver, the need to attach an affidavit or supporting documents 
to a post-conviction petition, and the standard to apply to the
summary dismissal stage of post-conviction proceedings. 
 Section 122-3 of the Act provides that "[a]ny claim of
substantial denial of constitutional rights not raised in the
original or an amended petition is waived." 725 ILCS 5/122-3
(West 1994). Relying on this statutory provision, the Illinois
Supreme Court held that an argument not raised in a post-
conviction will not be considered on review and is deemed waived. 
Gaultney, slip op. at 10-11; see also People v. Guest, 166 Ill.
2d 381, 405 (1995). 
 The Act also dictates that a post-conviction proceeding will
be commenced by the filing of "a petition *** verified by
affidavit." 725 ILCS 5/122-1 (West 1994). "[O]ur courts have
specifically held that the absence of affidavits, records or
other evidence in support of the post-conviction petition renders
the petition insufficient to require an evidentiary hearing." 
People v. Johnson, 154 Ill. 2d 227, 240 (1993) (and cases cited
therein); People v. Seaberg, 262 Ill. App. 3d 79, 82 (1994) ("the
allegations of a post-conviction petition must be supported by
the record in the case or accompanying affidavits"). 
 To withstand dismissal of a post-conviction petition at the
first stage, "a petition need only present the gist of a
constitutional claim." Gaultney, slip op. at 7 (summary
dismissal affirmed); People v. Brown, 169 Ill. 2d 94, 101 (1995)
(summary dismissal affirmed). While our courts recognize that a
pro se defendant cannot be expected to draft a petition as
artfully as would counsel and need not construct legal arguments
or cite legal authority, such petitioner is required to present
the gist of his claim in a sufficient manner for the trial court
to make an initial determination as to whether the claim is
frivolous or patently without merit. People v. Porter, 122 Ill.
2d 64, 74 (1988); People v. Lemons, 242 Ill. App. 3d 941, 946
(1993). Notwithstanding the relaxed standard applicable to a
post-conviction petition at the first stage, a pro se defendant
must still plead sufficient facts from which a valid
constitutional claim could be found. Lemons, 242 Ill. App. 3d at
946; see also People v. Hernandez, 283 Ill. App. 3d 312, 316
(1996) ("courts closely scrutinize post-conviction petitions to
determine whether they contain sufficient facts from which the
trial court could find a valid claim of deprivation of a
constitutional right") (emphasis in original). 
 First, defendant asserts, as specifically stated in his
appellate brief, "the trial court's dismissal of [defendant's]
pro se post-conviction petition must be reversed because the
petition raised the non-frivolous constitutional claim that he
received the ineffective assistance of counsel at trial where
counsel failed to perfect [his] appeal, that is, after [he]
informed counsel that he desired to withdraw his plea of guilty,
counsel did nothing." 
 To establish a claim for ineffective assistance of counsel,
a two-pronged test applies: (1) that counsel's performance fell
below an objective standard of reasonableness; and (2) that there
is a reasonable probability that defendant was prejudiced by
counsel's deficient performance. Strickland v. Washington, 466
U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In a post-
conviction matter, no showing of prejudice is required where
counsel failed to perfect the defendant's appeal. People v.
Moore, 133 Ill. 2d 331, 339 (1990); People v. Cole, No. 1-95-
1710, slip op. at 3 (March 20, 1997); Hernandez, 283 Ill. App. 3d
at 317. Notwithstanding the presumption of prejudice in such a
case, 
 "the mere allegation that counsel failed to perfect an
 appeal is not enough. Defendant must still satisfy the
 first prong of Strickland, i.e., that counsel's
 performance in failing to perfect an appeal was
 deficient. In order to establish deficient
 performance, defendant must allege that he communicated
 to counsel a desire to appeal (citations), or at least 
 satisfactorily explain why he did not request an appeal
 earlier." Hernandez, 283 Ill. App. 3d at 318. 
 The instant defendant's post-conviction petition does not
allege that counsel failed to perfect an appeal, does not allege
that he communicated to counsel a desire to appeal, and does not
offer any explanation why he did not request an appeal earlier. 
Instead, defendant alleged that he "did not want to accept the
guilty plea and asked his attorney to withdraw his plea and
prepare the case for trial." All we have is defendant's bare and
unsubstantiated allegation that he informed counsel that he
wanted to withdraw his guilty plea. Defendant first stated that
he "did inform counsel he wanted to withdraw his guilty plea and
was informed counsel didn't think it was prudent." Defendant
also claimed to have written counsel a letter to inform him of
his desire to withdraw his guilty plea but received no reply. 
Not only are these allegations inconsistent, they also lack any
supporting documents, such as the alleged letter written by
defendant. 
 The cases on which defendant relies (Cole, Hernandez, and
Swanson) are distinguishable because the post-conviction
petitions at issue included the allegation that the defendant
wanted to appeal and attached affidavits. In Cole, the defendant
attached two affidavits to his pro se post-conviction petition
and "stated in his petition that after being misled by counsel,
he was not satisfied and wanted to appeal." (Emphasis added.) 
Cole, slip op. at 3. In Hernandez, the defendant attached
affidavits to his pro se petition for post-conviction relief,
alleged that counsel had a duty to perfect an appeal, and offered
an explanation regarding the reasons for not requesting an appeal
earlier. Hernandez, 283 Ill. App. 3d at 315, 318. In Swanson,
the defendant attached affidavits to his pro se post-conviction
petition and alleged "that he was denied the effective assistance
of counsel because his appointed counsel failed to file a notice
of appeal." Swanson, 276 Ill. App. 3d at 131. In contrast to
Cole, Hernandez, and Swanson, the instant defendant did not
attach any affidavits or any supporting documents to his
petition, and did not mention an appeal in his post-conviction
petition. 
 Under the Act defendant has waived this issue for failure to
include it in his petition. In addition, defendant failed to
attach any affidavit or supporting documents to support such a
claim as required under the Act. Moreover, even under the most
relaxed standard, an unstated claim should not and cannot suffice
to withstand summary dismissal. To hold that the petition at
issue in the present case triggers an evidentiary hearing would
effectively mean that any petition can. Such principle defies
the Act. 
 Second, defendant asserts that the guilty plea proceeding
was defective because the trial court did not sufficiently
apprise him of the sentencing alternatives and his appellate
rights. Under the Act, this issue is waived because defendant
made no mention of it in his petition. Moreover, the Illinois
Supreme Court has held that where a defendant fails to allege in
his post-conviction petition that the guilty plea proceeding was
defective in some way, the issue is waived when first raised on
appeal. People v. Williams, 52 Ill. 2d 466, 468 (1972) (where he
failed to present the allegation in his post-conviction petition,
the defendant could not advance, on appeal, the claim that the
admonition given him by the trial judge before accepting his
guilty plea was inadequate); People v. Barber, 51 Ill. 2d 268
(1972) (the defendant waived review of his contention that his
plea of guilty was not knowingly and voluntarily entered because
he failed to raise it in his original petition) (and cases cited
therein). The failure to attach an affidavit or supporting
documents to the petition would not necessarily be fatal to this
issue because we have the record of the guilty plea proceeding 
before us. Even assuming that we ignore the waiver rule, apply
the exception to the affidavit requirement, and reach the merits,
we find that the transcript of the guilty plea proceeding reveals
that all requisite admonishments were given by the trial court. 
 For all the foregoing reasons, the trial court's dismissal
of defendant's post-conviction petition as frivolous or patently
without merit was not manifestly erroneous. 
 Affirmed. 
 THEIS, J., concurs. 
 ZWICK, J., dissents. 
 JUSTICE ZWICK, dissenting:
 I disagree with the majority's conclusion that the trial
court considered defendant's petition and dismissed it
independent of any input by the State.
 The decision People v. Gaultney, 174 Ill. 2d 410, 418
(1996), unequivocally mandates that, prior to summarily
dismissing a pro se post-conviction petition, the trial court is
obligated to consider "the petition independently, without any
input from either side." (Emphasis added.) Reversible error is
established if the circuit court sought or relied upon input from
the prosecution in determining whether the petition was
frivolous. See People v. Gaultney, 174 Ill. 2d 410, 418 (1996).
 In the case sub judice, the thrust of the defendant's
petition was the allegation that he was deprived of effective
assistance of counsel. The prosecutor stated to the court in
opposition to the petition that defendant was represented at
trial by "very able, competent counsel." This statement directly
contradicted defendant's claim of ineffective assistance of
counsel. The majority holds that because this comment was
"uninvited" and "incidental," it did not contaminate the
proceedings. I cannot agree. Whether uninvited and incidental or
deliberate and calculated, the effect of the prosecutor's
statement is the same. It serves to destroy the independence of
the judicial evaluation. The court was duty bound to examine the
petition free from any input by either side. The prosecution is
expressly precluded from any participation at this stage of the
proceedings. Accordingly, a comment by the prosecutor that
challenges the very core of defendant's argument is patently
improper and cannot be excused merely by characterizing it as
inadvertent or incidental. Whether deliberate or unintended, the
prosecutor's comment was a dagger thrust to the heart of
defendant's claim. The fact that the court did not solicit the
comment or expressly indicate its reliance thereon does not
justify the inappropriate conduct. In my view, this comment was
not an incremental intrusion of little significance, but a
strategic attack by the prosecution.
 The trial court, upon hearing the gratuitous comments by the
prosecutor, should have declared the post-conviction equivalent
of a mistrial and transferred the cause to different judge. At
the very most, this result would necessitate the expenditure of a
few additional hours of judicial resources. To me, it is a small
price to pay to protect the defendant's constitutional rights and
the integrity of the process.
 For the above reasons, I would reverse and remand with
directions that the pro se petition be examined by a different
judge.