THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH E. DAUER, Defendant-Appellant.

Fourth District    No. 4—96—0779

Opinion filed December 8, 1997.

Charles M. Schiedel, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Section 122—2.1(a) of the Post-Conviction Hearing Act (Act) requires a court to which such a petition is directed "[w]ithin 90 days after the filing and docketing of each petition" to "examine such petition and enter an order thereon pursuant to [that] Section." 725 ILCS 5/122—2.1(a) (West 1994). Section 122—2.1(a)(2) of the Act directs that if the court finds the petition is "frivolous or *** patently without merit," the court is to "dismiss the petition in a written order." 725 ILCS 5/122—2.1(a)(2) (West 1994). If the court does not dismiss the petition, the court is to order the petition "docketed for further consideration in accordance with Sections 122—4 through 122—6 [of the Act]." 725 ILCS 5/122—2.1(b) (West 1994).

Here, the circuit court did not examine the instant postconviction petition for more than 90 days after its filing and docketing because the conviction was then on appeal. Before the court examined the petition, it permitted the State to file a motion to dismiss the petition and held a hearing without following the requirements of sections 122—4 through 122—6 (725 ILCS 5/122—4 through 122—6 (West 1994)). We hold that, under the circumstances, the Act was violated when the court failed to examine the petition within the 90-day period and this, of itself, is enough to require us to reverse the order of dismissal and remand to the circuit court with directions to proceed pursuant to sections 122—4, 122—5, and 122—6 of the Act.

On October 2, 1995, defendant, Kenneth E. Dauer, was sentenced by the circuit court of Livingston County to seven years' imprisonment upon a conviction of forgery. On February 22, 1996, defendant filed in that court a petition for postconviction relief under the Act. As defendant had previously filed a notice of appeal to this court, the circuit court entered an order on February 26, 1996, directing that the postconviction petition be held in abeyance pending appeal. On August 8, 1996, this court affirmed defendant's conviction and sentence. *People v. Dauer*, No. 4—95—0785 (August 8, 1996) (unpublished order under Supreme Court Rule 23). On August 20, 1996, the State filed a motion to dismiss the petition. On September 9, 1996, this court issued its mandate of affirmance of the conviction and sentence.

On September 12, 1996, the circuit court granted defendant an extension of time to respond to the State's motion to dismiss. On September 19, 1996, defendant responded by filing an amended *pro se* postconviction petition, contending he was denied effective assistance of counsel at trial and a violation of due process and equal protection occurred in his sentence. On September 30, 1996, arguments were heard on the State's motion to dismiss. At the hearing, defendant requested the appointment of counsel, but the court denied his request as being "untimely" and "not necessary." The court then dismissed defendant's petition.

Defendant has appealed, contending (1) the circuit court's failure to rule on his postconviction petition within 90 days of its filing rendered the dismissal void and (2) the procedure used by the court in ruling on his petition was improper. As we have indicated, we deem the ruling within the 90-day requirement of section 122—2.1(a) of the Act absolute and reverse for that reason. We find errors in the hearing that was held but do not consider them serious enough to require reversal, as no argument was made that the petition was not "frivolous or patently without merit."

In regard to the late action of the circuit court in examining the petition, we recognize that putting the petition in abeyance until the appeal was decided was not an unreasonable thing to do. However, we are aware of no case that has permitted a delay in the 90-day rule of section 122—2.1(a) of the Act, however reasonable such an action might be. In *People v. Porter*, 122 Ill. 2d 64, 85, 521 N.E.2d 1158, 1166 (1988), the court held that the then 30-day provision of section 122—2.1(a) was "mandatory" rather than directory and failure of compliance required that the petition be docketed for proceedings under sections 122—4 through 122—6 of the Act. In *People v. Tarnow*, 249 Ill. App. 3d 797, 800, 619 N.E.2d 860, 862 (1993), under that theory, a one-day delay past the end of the then 30-day period by the circuit court in examining a postconviction petition and issuing an order of summary dismissal vitiated that order. See *People v. Jett*, 211 Ill. App. 3d 92, 96, 569 N.E.2d 1152, 1154 (1991); *People v. Phillips*, 183 Ill. App. 3d 417, 421, 539 N.E.2d 804, 806 (1989).

As a response to defendant's reliance upon *Porter* and its progeny in holding the 90-day limit mandatory, the State contends that strict rule was negated by the decision in *People v. Gaultney*, 174 Ill. 2d 410, 675 N.E.2d 102 (1996). We discuss that case in more detail later. That decision held that where, as here, a motion to dismiss a postconviction petition was filed before the court had made its examination of the petition required by section 122—2.1(a) of the Act, the rights of the defendant are not necessarily violated if, in making its ruling,

the court places little or no reliance on the motion to dismiss. *Gaultney*, 174 Ill. 2d at 422, 675 N.E.2d at 108. Here, the State reasons, by analogy, that if the *Gaultney* court requires only substantial compliance with the provisions of the Act involved there so that the defendant is not substantially prejudiced, a similar rule is applicable to the 90-day provision. We do not agree with the analogy drawn by the State.

The *Gaultney* opinion cites *Porter* favorably in several places. If *Gaultney* was intended to present a broad rule that would counter *Porter*, the court would likely have so stated. Moreover, a ruling that reasonable compliance with the 90-day rule is all that is required would be unworkable. The idea of not deciding anything about the postconviction petition until the appeal was decided was not an unreasonable idea; however, if the court could properly do that, when would the 90-day period begin to start? Would it begin when the appellate court decided the case or when the mandate was issued?

Section 122—5 of the Act provides that when the circuit court makes an order pursuant to section 122—2.1(b) of the Act, within 30 days of the order or "within such further time as the court may set, the State shall answer or move to dismiss." 725 ILCS 5/122—5 (West 1994). Thus, when the drafters of the Act wished for the time schedule to be flexible, the drafters so stated. The Act sets forth a scheme whereby summary action must be taken shortly if it is to be done and, once that deadline is past, the matter can proceed at a pace set by the court. We conclude that the 90-day period is still mandatory and the order of dismissal after the end of that period must be set aside.

In regard to defendant's contention that reversible error resulted from the circuit court's proceeding to rule after the State had filed a motion to dismiss, the *Gaultney* court stated:

> "The mere early filing of a motion or responsive pleading by the State, however, does not *per se* contaminate the circuit court's determination pursuant to section 122—2.1. See, *e.g., [People v.]* *Mitchell*, 218 Ill. App. 3d [401,] 402-03[, 578 N.E.2d 297, 298-99 (1991)]. The premature filing of a motion to dismiss does not prevent the circuit court from independently evaluating whether a post-conviction petition is frivolous or patently without merit, as required by the Act. Rather, reversal is required where the record shows that the circuit court sought or relied on input from the State when determining whether the petition is frivolous. Compare *People v. Barker*, 258 Ill. App. 3d 323[, 630 N.E.2d 484] (1994) (reversal required where the trial judge requested argument from both parties); *[People v.] Merritte*, 225 Ill. App. 3d 986[,

589 N.E.2d 190 (1992)] (reversal required where the State orally argued its motion to dismiss at length to the trial judge and where the judge stated that dismissal was based, in part, on the reasons given by the State at oral argument); *People v. Clark*, 239 Ill. App. 3d 546[, 605 N.E.2d 1109] (1992) (reversal required where the State presented oral argument, the State used case law to support its oral argument, and the trial judge said that he had relied on the State's arguments); *People v. Rutkowski*, 225 Ill. App. 3d 1065 [, 589 N.E.2d 163] (1992) (reversal required where the trial judge heard argument from the State on its oral motion to strike); *People v. Novak*, 200 Ill. App. 3d 189[, 558 N.E.2d 644] (1990) (reversal required where the trial judge conducted a hearing on the motion to dismiss and expressly indicated that he was granting the State's motion); *People v. Magdaleno*, 188 Ill. App. 3d 384[, 543 N.E.2d 1104] (1989) (reversal required where the trial judge addressed the merits of the State's motion to strike); with *People v. Woods*, 239 Ill. App. 3d 559[, 605 N.E.2d 1107] (1992) (no reversal where the motion was short and cited only one case, the trial judge did not hear any argument on the motion, and the order showed an independent analysis); *Mitchell*, 218 Ill. App. 3d 401[, 578 N.E.2d 297] (no reversal where the motion was terse, the trial judge did not hear any argument from the State, and the dismissal order showed a detailed analysis).

We agree with the approach of these appellate decisions. Section 122—2.1 of the Act authorizes the trial judge to make an initial independent evaluation of a post-conviction petition. 725 ILCS 5/122—2.1 (West 1992). We ordinarily presume that the trial judge knows and follows the law unless the record indicates otherwise. See *People v. Terrell*, 132 Ill. 2d 178, 219[, 547 N.E.2d 145] (1989). Where the record gives no indication that the trial judge sought input from the State or relied on the motion to dismiss, we presume that the judge acted properly." *Gaultney*, 174 Ill. 2d at 419-20, 675 N.E.2d at 107.

Here, (1) the motion to dismiss the petition was called up for hearing with a prosecutor and the defendant present; (2) the court did permit both the prosecutor and defendant to be heard; (3) the prosecutor did not argue at length; and (4) the court did remark that the State had correctly pointed out defendant had not raised any issues in his petition that would support his argument that his right to due process was violated. We conclude that the input by the State here and the court's reliance on that input was sufficiently minimal in that, under *Gaultney*, the proceedings were not "contaminated" in that respect.

Our holding in regard to the hearing on the motion to dismiss

should not be taken as an approval of the procedure. The Act envisions an initial determination of whether the petition is frivolous or without merit by the court alone. If the State has input, the defendant should have a right to counsel and counsel should be furnished if defendant is indigent. Here, defendant alleged in his petition that he was indigent and asked for appointed counsel. Section 122—4 of the Act provides that if the petition is not dismissed the defendant is entitled to counsel if the court finds him indigent. 725 ILCS 5/122—4 (West 1994). The obvious scheme of the Act is that the initial determination as to the petition will be made by the court without either side or counsel for either side present.

Then, if the petition survives the court's original scrutiny, a right to counsel—and appointed counsel if indigent—exists for the rest of the proceedings. Here, when before the court at the hearing where the petition was dismissed, defendant renewed his request for appointed counsel and was refused as being tardy. Section 122—4 of the Act provides for appointment of counsel if the petition is not dismissed. Thus, defendant was not tardy in his request for counsel; he was premature and was, nevertheless, put in a proceeding where the State had counsel and he did not. This is an example of how procedures can get out of kilter when the statutory procedures are not followed.

As we have indicated, because of the failure of the court to pass on the petition within the 90-day period, the order of dismissal is reversed and the cause remanded to the circuit court of Livingston County for proceedings pursuant to sections 122—4, 122—5, and 122—6 of the Act.

Reversed and remanded with directions.

GARMAN and COOK, JJ., concur.