THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALDINE SMITH, Defendant-Appellant.

First District (6th Division)    No. 1—97—4415

Opinion filed March 17, 2000.

Charles W. Hoffman, of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Kenneth

T. McCurry, and Celeste Stewart Stack, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

This is an appeal from the trial court's dismissal of defendant Geraldine Smith's *pro se* petition for postconviction relief and its subsequent denial of defendant's motion to vacate the dismissal. Defendant raises the following issues: (1) whether the trial court violated the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1996)) when it dismissed defendant's *pro se* postconviction petition as frivolous and without merit; and (2) whether the trial court violated defendant's right to due process of law when it dismissed her *pro se* postconviction petition on a status court date in the absence of defendant and appointed counsel.

STATEMENT OF FACTS

On February 20, 1991, following a jury trial at which defendant was convicted of murder and conspiracy to commit murder, defendant was sentenced to death. On June 27, 1995, while her appeal was pending in the Illinois Supreme Court, defendant filed a *pro se* postconviction petition in the Cook County circuit court.

Because defendant was under a sentence of death pursuant to section 122—2.1(a)(1) of the Post-Conviction Hearing Act, State Appellate Defender Mary Elizabeth Kopko was appointed to represent her in postconviction proceedings. 725 ILCS 5/122—2.1(a)(1) (West 1996). On June 5, 1996, attorney Kopko appeared on behalf of defendant for a status call and advised the trial court that the Illinois Supreme Court had taken defendant's case on direct appeal and was currently in the process of setting a briefing schedule. Attorney Kopko requested a continuance and the matter was continued by agreement to September 16, 1996.

On September 9, 1996, the State filed a motion to dismiss defendant's *pro se* postconviction petition. At the next court call, on September 16, 1996, Assistant State's Attorney (ASA) Michael Corkell informed the court that the case had been argued the week before in the supreme court and that "[t]he issue [of the postconviction petition] is going to be kind of moot until the Illinois Supreme Court renders its decision." The case was then continued until December 11, 1996. The record does not contain a transcript of the December 11, 1996, proceedings; however, the docket sheet shows a continuance by agreement until March 6, 1997.

On March 6, 1997, attorney Kopko informed the court that the supreme court had not yet issued its decision. The case was then continued by agreement until April 14, 1997. On April 14, 1997, the

case was continued by agreement until May 20, 1997. The record does not contain transcripts of the May 20, 1997, proceeding; however, the docket sheet shows a continuance by agreement until July 22, 1997. Again, the record does not contain transcripts of the July 22, 1997, proceeding; however, the docket sheet shows a continuance by agreement until September 23, 1997.

In the meantime, on June 19, 1997, the supreme court issued its opinion affirming defendant's conviction, but reversing her death sentence and remanding the case for imposition of a sentence other than death. *People v. Smith*, 177 Ill. 2d 53 (1997). On September 23, 1997, ASA Corkell appeared before the trial court and informed the trial court that the supreme court had vacated defendant's death sentence. The following then occurred:

"THE COURT: *** All right. Well, so she really doesn't have any standing as to this conviction [*sic*] Petition.

MR. CORKELL: She is not under sentence.

THE COURT: So, the Petition will be dismissed, based on the law in Illinois regarding this issue."

Defendant's appointed counsel, attorney Kopko, was not present when the trial court dismissed the *pro se* postconviction petition. After the regular court call was heard, an assistant public defender appeared on behalf of attorney Kopko and was informed by the trial court that the petition had been dismissed.

On October 1, 1997, defendant filed a motion to vacate the dismissal and reinstate the postconviction petition. At the hearing on the motion, which took place on October 7, 1997, the following occurred:

"MS. KOPKO: *** This is a case where she was—the supreme court remanded it for sentencing. We're asking that the dismissal [of the postconviction petition] be vacated and it be set for status and filing of any post con—or amended post-conviction [petition].

THE COURT: All right. Well, since it is no longer a sentence of death I still have the right within a certain amount of time to review the petition to determine if it's frivolous and without merit, is that right? Is that correct?

MS. KOPKO: Yes.

THE COURT: And that is my finding. It's dismissed.

MS. KOPKO: Finding it was frivolous and without merit.

THE COURT: Yes.

MS. KOPKO: All right. Thank you."

Defendant filed a timely notice of appeal on October 21, 1997. Defendant alleges, in the alternative, two separate points of error. We will address each in turn.

DISCUSSION

## A. DISMISSAL OF PETITION AS FRIVOLOUS AND WITHOUT MERIT

First, defendant argues that the trial court violated the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1996)) when it dismissed her *pro se* postconviction petition as frivolous and without merit.

■ Section 122—2.1 of the Post-Conviction Hearing Act provides as follows:

"(a) *Within 90 days after the filing and docketing of each petition* the court shall examine such petition and enter an order thereon pursuant to this Section.

(1) *If the petitioner is under sentence of death* and is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel.

(2) *If the petitioner is sentenced to imprisonment* and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." (Emphasis added.) 725 ILCS 5/122—2.1 (West 1996).

■ In the case at bar, defendant filed her *pro se* postconviction petition on June 27, 1995. At that time, and for the 90-day period following, defendant was under a sentence of death; therefore, section 122—2.1(a)(1) was, at all times, the applicable section. Pursuant to said section, the trial court was required to examine the petition and appoint counsel if so requested and if satisfied that the petitioner had no means to procure counsel. 725 ILCS 5/122—2.1(a)(1) (West 1996). Then, after the appointment of counsel, the trial court was required, pursuant to section 122—2.1(b), to "order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." 725 ILCS 5/122—2.1(b) (West 1996). At no time during the

90-day period following the filing and docketing of defendant's petition did the trial court have the authority to dismiss defendant's petition as frivolous and without merit. Such a summary dismissal may only occur pursuant to section 122—2.1(a)(2) and said section applies only if the petitioner is under a sentence of imprisonment. 725 ILCS 5/122—2.1(a)(2) (West 1996). Thus, based upon the plain language of section 122—2.1 of the Post-Conviction Hearing Act (725 ILCS 5/122—2.1 (West 1996)), we find that the dismissal was improper.

Nevertheless, the State argues that when the supreme court vacated defendant's death sentence (*People v. Smith*, 177 Ill. 2d 53 (1997)), the trial court's discretion under section 122—2.1 had been "restored" (*i.e.*, the 90-day period had been renewed) and because defendant was no longer under a sentence of death the dismissal of defendant's petition was proper. The State is basically arguing for a revival or extension of the 90-day statutory time limit but we find no authority to support this proposition.[1]

To the contrary, Illinois case law provides that the statutory time limit of 90 days is mandatory (*People v. Porter*, 122 Ill. 2d 64, 83-86 (1988)[2] ) and begins to run upon the "filing and docketing of each petition" (725 ILCS 5/122—2.1(a) (West 1996)). There are no exceptions to this rule. In *People v. Dauer*, 293 Ill. App. 3d 329 (1997), defendant was sentenced to seven years' imprisonment. *Dauer*, 293 Ill. App. 3d at 330. Defendant appealed his conviction to the appellate court, and the trial court ordered that the defendant's *pro se* postconviction petition be held in abeyance pending the outcome of the appeal. *Dauer*, 293 Ill. App. 3d at 330. As a result, the trial court did not examine the petition for more than 90 days after its filing and docketing. *Dauer*, 293 Ill. App. 3d at 330. Defendant's conviction was affirmed on appeal. Thereafter, the trial court held a hearing on the State's motion to dismiss the postconviction petition and subsequently dismissed the petition. *Dauer*, 293 Ill. App. 3d at 331.

Defendant appealed the dismissal and, on appeal, the fourth district reversed. The court stated:

> "In regard to the late action of the circuit court in examining the petition, we recognize that putting the petition in abeyance until

---

[1]We note that the recent case of *People v. Watson*, 187 Ill. 2d 448 (1999), held that the filing of an amended postconviction petition restarts the 90-day period in which a court may dismiss a petition as frivolous and patently without merit; however, that does not support the State's argument in the case at bar where no amended petition had been filed.

[2]After the *Porter* opinion was issued, the legislature increased the time period contained in section 122—2.1 of the Post-Conviction Hearing Act from 30 days to 90 days. See Pub. Act 87—904, eff. January 1, 1993.

the appeal was decided was not an unreasonable thing to do. *However, we are aware of no case that has permitted a delay in the 90-day rule of section 122—2.1(a) of the [Post-Conviction Hearing] Act, however reasonable such an action might be.*" (Emphasis added.) *Dauer*, 293 Ill. App. 3d at 331.

The fourth district reversed the dismissal based solely on the trial court's failure to review the petition within 90 days. *Dauer*, 293 Ill. App. 3d at 331.

Based on *Dauer*, we find that any action taken by the trial court pursuant to section 122—2.1(a) of the Post-Conviction Hearing Act must be taken "[w]ithin 90 days after the filing and docketing of each petition." 725 ILCS 5/122—2.1(a) (West 1996). In the case at bar, not only did the trial court err in dismissing the petition as frivolous and without merit, it also erred in failing to act on the petition within 90 days of its filing.

## B. VIOLATION OF DUE PROCESS RIGHTS

■ Defendant's alternative argument on appeal is that the trial court violated her due process rights by dismissing her *pro se* postconviction petition on a status court date without her counsel present.

The case of *People v. Bounds*, 182 Ill. 2d 1 (1998), is instructive on this issue. In *Bounds*, defendant's postconviction counsel filed a postconviction petition on June 30, 1995. *Bounds*, 182 Ill. 2d at 4. Due to the inability of both defendant's trial counsel and the State to locate the trial record, the trial court granted defendant's counsel's request for additional time to amend the postconviction petition. *Bounds*, 182 Ill. 2d at 4. The amended petition was due October 3, 1995. On September 20, 1995, the State filed a motion to dismiss. *Bounds*, 182 Ill. 2d at 4. The motion was continued and, at the next court date on November 14, 1995, defendant's counsel requested another continuance because he had not yet obtained all the necessary records. *Bounds*, 182 Ill. 2d at 4. At the next court date, on December 6, 1995, the State turned over defendant's trial record. *Bounds*, 182 Ill. 2d at 4. On that date, the trial court continued the case until March 28, 1996, allowing defendant's counsel time to file an amended petition. Regarding the March 28, 1996, court date, the trial court stated, " '[s]tatus, you come on in and tell me what you have to do, that's all.' " *Bounds*, 182 Ill. 2d at 4. On March 28, 1996, defendant's postconviction counsel appeared in court with a discovery motion and a motion for a continuance. *Bounds*, 182 Ill. 2d at 5. The court did not rule on the motions but instead granted the State's motion to dismiss the postconviction petition without argument. *Bounds*, 182 Ill. 2d at 5.

On appeal, the supreme court reversed the dismissal and remanded for further proceedings. The court stated:

"A trial court's discretion in resolving post-conviction petitions does not allow the court to convert a status call to a hearing on the merits without notice to the parties." *Bounds*, 182 Ill. 2d at 5.

The court then held that because there was no notice to defendant's counsel that the postconviction petition would be ruled upon, defendant's right to procedural due process under the Illinois Constitution (Ill. Const. 1970, art. I, § 2) was violated. *Bounds*, 182 Ill. 2d at 5.

The State contends that *Bounds* is inapplicable because here the record is not clear as to the nature of the September 27, 1998, court date at which the trial court dismissed defendant's *pro se* postconviction petition. In addition, the State contends that defendant's counsel was present at the hearing.

There is no reason to believe that the September 23, 1997, court date was set for anything other than a status call. It is clear from the record that the case was proceeding on status calls in anticipation of the supreme court's decision. There is no indication from any of the proceeding transcripts or the docket sheets that the court intended to rule on the merits of the petition immediately on the issuance of the supreme court's decision or, even more specifically, on September 23, 1997. Moreover, it is evident from the transcript that no attorney was present on defendant's behalf at the September 23, 1997, court proceeding when the trial court dismissed the petition. Although the State asserts that a public defender was present at the September 23, 1997, proceeding on behalf of defendant, the record does not bear this out. While the record does show that Assistant Public Defender Debra Jones did appear for attorney Kopko on that date, she did not appear until after the trial court had already dismissed defendant's *pro se* postconviction petition and had moved on to other cases on the court's call that morning.

We find that, based on *Bounds*, defendant was denied her right to due process of law. Not only was defendant's postconviction petition dismissed without due notice being given to defendant's counsel, but it was done without defendant's counsel even being present.

CONCLUSION

For the foregoing reasons, we find that the trial court erred in dismissing defendant's petition; therefore, we hereby reverse and remand. Upon remand, the trial court should determine if defense counsel wishes to file an amended petition and whether defense

counsel has complied with Supreme Court Rule 651(c). 134 Ill. 2d R. 651(c). Thereafter, the trial court should proceed as it sees fit.

Reversed and remanded.

ZWICK, P.J., and CAMPBELL, J., concur.